**In re Subpoena Duces Tecum to Testify Before Grand Jury Directed to TRW, INC., With Regard to Linda Woods, et al.**

**Misc. Nos. 78–330, 78–334.**

United States District Court, E. D. Michigan, S. D.

Nov. 6, 1978.

James K. Robinson, U. S. Atty., by Harold Z. Gurewitz, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Keywell & Rosenfeld by Stephen E. Handelman, Sidney L. Frank, Troy, Mich., for defendant.

## OPINION

FEIKENS, District Judge.

On June 20, 1978, TRW, Inc. (TRW), a consumer credit reporting agency subject to the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (F.C.R.A.), was served with a subpoena duces tecum requiring it to appear before a federal grand jury in this district and to produce the credit records of seven named individuals. TRW promptly moved to quash the subpoena on the ground that it could not comply without violating the provisions of the F.C.R.A. The parties agreed to postpone TRW's appearance before the grand jury until its motion to quash could be decided.

F.C.R.A. allows a consumer credit reporting agency to furnish credit information to third parties under the following circumstances:

A consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the *order of a court* having jurisdiction to issue such an order. (emphasis supplied)

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.

15 U.S.C. § 1681b.

Both parties agree that the grand jury is not seeking the subpoenaed materials to further any credit-related commercial purpose, 15 U.S.C. § 1681b(3). The narrow issue in this case is whether a grand jury subpoena is a court order within the meaning of 15 U.S.C. § 1681b(1).

TRW argues that it cannot comply with the subpoena unless it has been authorized to do so by a specific order of a federal judge. This argument assumes that the grand jury is essentially an arm of the office of the United States Attorney requiring judicial intervention to render its subpoenas "court orders" within the meaning of F.C.R.A. In direct opposition to this approach the government submits that the grand jury is an arm of the federal judiciary which can issue enforceable subpoenas without the imprimatur of a federal judge.

According to the government the grand jury is best able to determine whether a subpoena is necessary or reasonable and, since it is part of the federal judiciary, further intervention by a federal judge would be redundant.

As the federal judges concluded in deciding *In Re Miscellaneous Grand Jury Proceedings*, Misc. No. 6366 (C.D.Cal. Jan. 13, 1978) and *In the Matter of Subpoena Duces Tecum to Testify Before Grand Jury*, No. 77 Misc. 29 (E.D.Mo. March 22, 1977), so I am persuaded that the government's analysis in this regard is correct.

A federal grand jury is a judicial body which is created and functions because of the Fifth Amendment to the United States Constitution. No person may be accused of a federal crime, without consent, except by a federal grand jury. A federal grand jury comes into being only through the actions of a federal court. It is empanelled by a federal judge, usually the chief judge of the district in which it sits. Grand jurors so empanelled are carefully instructed as to their powers and duties *by a federal judge.* They are advised that they are an independent investigative body, that they, and they alone, are to determine whether probable cause exists that a federal crime has been committed, and that they should not return a presentment or indictment unless a sufficient number of them (twelve) are agreed that such should be done. They are instructed that they do not function at the whim of the United States Attorney; that in a very real sense they stand between the government and the accused; and that while they are entitled to receive the assistance of the United States Attorney and his or her staff, they must exercise independent judgment. They are informed that they can, through their foreperson, seek answers to questions on procedures from the federal judge who empanels them and that they are in all respects a constitutional body.

When a grand jury is thus viewed in its proper perspective, it becomes apparent that the subpoena issued in this case is an order of the court within the meaning of the F.C.R.A.

In passing the F.C.R.A. Congress intended to prevent unreasonable or careless invasions of consumer privacy—not to preclude the dissemination of critical credit information. Thus, the statute is drafted to allow rather extensive use of credit reports by employers, banks and other persons with a "legitimate business need." Surely, in phrasing 15 U.S.C. § 1681b(1) Congress did not intend that a request through subpoena for credit information by a federal grand jury should be accorded less respect in that it additionally would require an order of a federal judge.

In finding that a grand jury subpoena is a court order I must disagree with the analysis of Honorable Robert J. Ward in *In the Matter of the Application of Credit Information Corp., to Quash a Grand Jury Subpoena*, 457 F.Supp. 969 (S.D.N.Y.1978) where he states:

> Although the grand jury subpoena has been described as the 'court's process,' it is functionally a tool of the prosecutor, issued at the initiative of the United States Attorney, with no judicial participation.

See also, *In Re Grand Jury Proceedings*, 486 F.2d 85 (3d Cir. 1973). I am persuaded that Judge Ward's finding does not comport with the historical role of the grand jury as described by the United States Supreme Court in *Brown v. United States*, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609 (1959).* For this same reason I must reject TRW's assertion that a grand jury subpoena, like subpoenas issued by administrative agencies such as the Internal Revenue Service, must be approved by a federal judge before it

---

* I also find that Judge Ward's approach is procedurally unworkable. If a grand jury could not issue a subpoena without prior authorization by a federal judge a serious problem would arise as to what standard the judge should apply in evaluating the necessity and reasona-bleness of the requested subpoena. To answer these preliminary questions the judge might have to hold an adversary hearing—a time consuming activity of dubious merit under the circumstances—and then apply some objective standard of review, as yet undefined.

becomes effective under Section 1681b of the F.C.R.A. See in this regard, *United States v. Puntorieri*, 379 F.Supp. 332 (E.D. N.Y.1974).

For the reasons discussed above, TRW's motion to quash the subpoena duces tecum is denied. TRW is ordered to appear before the grand jury and to produce forthwith all subpoenaed credit materials.