■ Finally, the railroad contends that the government fails to state a claim under a public nuisance theory.

Restatement of Torts (2d) § 821B states that damages may be recovered by an individual suffering harm of a kind different from that suffered by other members of the public. The section further states that a public agency or public official authorized to represent the state may sue to enjoin a public nuisance. However, the railroad argues, the Restatement says nothing about a public agency recovering damages for costs incurred in abatement of a public nuisance.

Recent federal court decisions reflect a growing recognition of suits by government agencies under federal common law for the abatement of public nuisances. *Compare Illinois v. Milwaukee*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972) *with Reserve Mining Co. v. EPA*, 514 F.2d 492 (8th Cir. 1975).

Given the overriding federal interest in maintaining safe navigable waters, as well as the breadth of remedies available to enforce the River and Harbor Appropriation Act set forth above, the Court finds nothing to support the railroad's conclusion that equitable relief is the exclusive remedy under a public nuisance theory. *See City of Evansville v. Kentucky Liquid Recycling, Inc.*, 604 F.2d 1008, 1019 n.32 (7th Cir. 1979).

The Court concludes that the government's request for damages rather than injunctive relief does not preclude this Court's exercise of jurisdiction under federal common law.

Therefore, the defendant railroad's motion to dismiss will be denied.

**UNITED STATES of America In re Grand Jury Proceedings**

v.

**RETAIL CREDIT MEN'S ASSOCIATION OF JACKSONVILLE, a corporation d/b/a Credit Bureau of Jacksonville.**

No. 79–334–et al, 79–55 Misc. J M.

United States District Court, M. D. Florida, Jacksonville Division.

May 12, 1980.

Lawrence E. Gentile, III, Asst. U. S. Atty., Jacksonville, Fla., for the Government.

William R. Swain, Jacksonville, Fla., for respondent.

## OPINION AND ORDER

MELTON, District Judge. ·

The Retail Credit Men's Association of Jacksonville, d/b/a Credit Bureau of Jacksonville, (hereinafter CBJ) moves this Court to quash a Federal Grand Jury subpoena served upon it which requires CBJ to appear before the Grand Jury in this District and to produce the credit records of certain individuals and entities named in the subpoena. The issue before the Court is whether the Grand Jury subpoena issued in this case is an "order of a court" within the meaning of § 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1). The Court holds that it is.

The Court initially takes note that there appear to be divergent views between the Ninth and the Third Circuits as to the general nature and character of Grand Jury subpoenas. The Ninth Circuit has commented that "[the] argument that a Grand Jury subpoena is not a 'court order' is specious, *United States v. Kostoff,* 585 F.2d 378, 380 (9th Cir. 1978), while the Third Circuit has stated that "... for all practical purposes [Grand Jury subpoenas] are exactly analogous to subpoenas issued by a federal administrative agency on the authority of a statute, without any prior judicial control". *In Re Grand Jury Proceedings,* 486 F.2d 85, 90 (3rd Cir. 1973). The Fifth Circuit has not decided the issue before this Court, however in *In Re Grand Jury Investigation, United States v. McLean,* 565 F.2d 318, 320 (5th Cir. 1977) the court rejected the reasoning of the Third Circuit finding that requiring the Government to make a "preliminary showing for the issuance of a Grand Jury subpoena ... would assuredly impede [the Grand Jury's] investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws."

The Court additionally notes that opposite views have been expressed in District Court cases that have decided the issue in the present matter. *In Re Application of Credit Information Corporation of New York,* 457 F.Supp. 969 (S.D.N.Y.1978), *In Re TRW, Inc.,* 460 F.Supp. 1007 (E.D.Mich. 1978), *In Re Grand Jury Proceedings Subpoena and Subpoena Duces Tecum to Credit Bureau Services,* Misc. No. 263, Section D (E.D.La.1979). This Court is of the view that the analysis of The Honorable Chief Judge John Feikens in finding a Grand Jury subpoena is an order of the court within the meaning of the FCRA is the better reasoned opinion.

As Judge Feikens stated, I also find that if a Grand Jury could not issue a subpoena without prior authorization by a federal judge, a serious problem would arise as to what standard the judge should apply in evaluating the necessity and the reasonableness of the requested subpoena.

To answer these preliminary questions, the judge might have to hold an adversary hearing, a time–consuming activity of dubious merit under the circumstances, and then apply some objective standard of review as yet undefined.

Buttressing Judge Feikens' opinion is the fact that unlike summonses issued by administrative agencies, Rule 6(e), Federal Rules of Criminal Procedure, affords the secrecy provisions and usage of Grand Jury subpoenaed materials not found elsewhere.

ACCORDINGLY,

For the reasons discussed above, CBJ's motion to quash the subpoena duces tecum is denied.