**In re Motion of Mary VAUGHN and Credit Bureau to Quash Subpoena Duces Tecum.**

**No. GJ 80–3.**

United States District Court, N. D. Georgia, Atlanta Division.

July 14, 1980.

On Motion For Reconsideration Sept. 3, 1980.

G. Lee Garrett, Jr. (Hansell, Post, Brandon & Dorsey), Atlanta, Ga., for movant.

Richard Hendrix, Asst. U.S. Atty., for government.

## ORDER OF COURT

MOYE, District Judge.

Presently before the Court in the above–styled action is the motion of Credit Bureau, Inc. of Georgia (Credit Bureau) and Mary Vaughn (an employee of Credit Bureau) to quash a subpoena duces tecum requesting that Mary Vaughn appear before the grand jury to testify and to deliver "credit records, memorandums, reports, etc." on certain individuals. The Credit Bureau is a consumer reporting agency under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* As such, it may release credit information only as permitted by 15 U.S.C. § 1681b; it may release such information "in response to the order of a court having jurisdiction to issue such an order." 15 U.S.C. § 1681b(1). Movants contend that a grand jury subpoena is not a court order as contemplated by 15 U.S.C. § 1681b(1).

The problem before the Court is, however, more serious than whether or not the Court should presently order compliance with the particular subpoena in issue. If a consumer reporting agency violates the FCRA, it may be subject to civil liability to consumers, and administrative enforcement proceedings may be initiated by the Federal Trade Commission. 15 U.S.C. §§ 1681n and s. Individuals who violate the Act may be subject to criminal prosecution. 15 U.S.C. § 1681r. Thus, consumer reporting agencies such as Credit Bureau and their employees such as Ms. Vaughn understandably resist subpoenas for their own protection.

Two reported cases in other districts have ruled on the question before this Court. In *In re TRW, Inc.*, 460 F.Supp. 1007 (E.D. Mich.1978) the Court concluded that a grand jury subpoena is an order, largely on the rationale that a grand jury is a judicial body having functions independent of the prosecutorial arm of the government. As a result, the Court concluded that it would not be inconsistent with the purpose of the FCRA–"to prevent unreasonable or careless invasions of privacy"–to equate a grand jury subpoena with a court order. *Id.* at 1009. Judge Feikens also observed that "If a grand jury could not issue a subpoena without prior authorization by a federal judge a serious problem would arise as to what standard the judge should apply in evaluating the necessity and reasonableness of the requested subpoena." *Id.* n.*.

In *In re Credit Information Corp. of New York*, 457 F.Supp. 969 (S.D.N.Y.1978), the Court reached the opposite result, holding that a grand jury subpoena is not an order. Judge Ward reasoned:

In view of the grand jury's essentially investigatory and prosecutorial function,

the Court believes it would ignore reality to consider a grand jury subpoena an order of the court. The Court also believes that such a characterization would be inconsistent with the function Congress intended a court order to serve under the Act, *i. e.*, to ensure that a consumer's privacy is not unduly impinged upon by disclosure of his credit file to third-parties, including governmental investigative agencies, which are not seeking the information for credit–related, business purposes. In order to provide this protection for the consumer, it is necessary for a court to consider the purposes for which disclosure is sought and to make a reasoned determination as to whether granting the requesting party access to the consumer's file for such purposes would violate the consumer's rights. Because a grand jury subpoena, like that of a governmental administrative agency, is issued without any judicial consideration, but rather *pro forma* by the clerk of the court at the request of and for the purposes of the prosecutor, it does not provide the protection for consumer privacy which Congress sought when it required a court order under § 1681b.

This Court does not find it necessary to join Judges Feikens and Ward in the debate over the function of the grand jury, because the Court finds other factors dispositive. First, the Court deems it significant that a subpoena is issued by the Clerk, in blank, to whomever requests one. Fed.R.Crim.P. 17(a). The Clerk of course exercises no discretion, let alone judicial discretion, in issuing a subpoena.

Second, the Court may quash a subpoena. Placing a burden upon the prosecutor to get an order rather than upon the recipient of a subpoena to file a motion invokes the Court's processes at an earlier point, and may as a result enhance the privacy of consumer credit information. *See Stiles v. Atlanta Gas Light Co.*, 453 F.Supp. 798, 800 (N.D.Ga.1978) (Edenfield, J.) (construing "order" exception to Privacy Act, 5 U.S.C. § 552a(b)(11)).

Finally, language in Supreme Court cases suggests a functional difference between a subpoena and an order. In *Brown v. United States*, 359 U.S. 41, 49–50, 79 S.Ct. 539, 546, 3 L.Ed.2d 609, the Court stated:

A grand jury is clothed with great independence in many areas, but it remains an appendage of the court, powerless to perform its investigative function without the court's aid, because powerless itself to compel the testimony of witnesses. It is the court's process which summons the witness to attend and give testimony, and it is the court which must compel a witness to testify if, after appearing, he refuses to do so.

When the petitioner first refused to answer the grand jury's questions, he was guilty of no contempt. He was entitled to persist in his refusal until the court ordered him to answer. Unless, therefore, it was to be frustrated in its investigative purpose, the grand jury had to do exactly what it did–turn to the court for help. If the court had ruled that the privilege against self–incrimination had been properly invoked, that would have been the end of the matter. Even after an adverse ruling upon his claim of privilege, the petitioner was still guilty of no contempt. It was incumbent upon the court unequivocally to order the petitioner to answer. *Cf. Wong Gim Ying v. United States*, 98 U.S.App.D.C. 23, 231 F.2d 776. The court did so.

When upon his return to the grand jury room the petitioner again refused to answer the grand jury's questions, now in direct disobedience of the court's order, he was for the first time guilty of contempt.

This passage was approved a few years ago:

The grand jury is subject to the court's supervision in several respects. *See Brown v. United States*, 359 U.S. 41, 49 [79 S.Ct. 539, 546, 3 L.Ed.2d 609] (1959); Fed.Rules Crim.Proc. 6 and 17; 1 L. Orfield, Criminal Procedure Under the Federal Rules § 6.108, pp. 475–477 (1966). In particular, the grand jury must rely on the court to compel production of books,

papers, documents, and the testimony of witnesses, and the court may quash or modify a subpoena on motion if compliance would be "unreasonable or oppressive." Fed.Rule Crim.Proc. 17(c).

*United States v. Calandra,* 414 U.S. 338, 346 n.4, 94 S.Ct. 613, 619 n.4, 38 L.Ed.2d 561 (1974).

For the foregoing reasons, the Court GRANTS the motion to quash.

The Court having determined that a grand jury subpoena is not an order, the government may obtain the subpoenaed materials and testimony only by moving for an order. The Court believes that the legislative purpose of protecting the privacy of credit information would be frustrated unless the Court allows the individuals on whom credit information is sought to respond to such a motion. Indeed, the possibility for such parties to respond to a motion for an order, absent where the government simply issues a subpoena, is another compelling reason for holding that a subpoena is not an order. Accordingly, if the government moves for an order compelling that which it seeks through the subpoena in question here, it shall serve such motion upon those individuals whose records are sought in the subpoena in question.

## ON MOTION FOR RECONSIDERATION

Presently before the Court is the government's motion for reconsideration of the Court's order of July 15, 1980, granting a motion to quash a grand jury subpoena. For the reasons stated in the July 15 order and herein, the motion remains GRANTED.

First, the Court wishes to clarify one of the factors mentioned in the earlier order. On page 3, the Court stated that requiring the prosecutor to obtain an order would enhance the privacy of consumer credit information by invoking the Court's processes at an earlier stage than if the grand jury simply issued a subpoena which someone later moved to quash. Requiring the prosecutor to move for an order would cause the prosecutor to articulate the need for and relevancy of the information sought. Further, as indicated in the previous order (at

p. 1083), requiring service of the motion upon the person whose credit information is sought would also promote the privacy purposes of the FCRA.

In its present motion the government argues that the privacy which the FCRA seeks to protect is well protected by the shroud of secrecy surrounding grand jury proceedings. *See, e. g. Douglas Oil Co. v. Petrol Stops, Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1978); Fed.R. Crim.P. 6(e). It does seem likely that in many instances the two protections are duplicative, but the Court simply concludes that Congress chose to enact an additional measure of protection for credit information. This additional measure of protection would, of course, be very significant in instances where the prosecutor's motion for disclosure is denied and as a result the information is not disclosed even to the prosecutor and grand jury.

The government also argues that the courts have rejected the need for preliminary showings and other procedural safeguards in the grand jury context, citing *United States v. Dionisio,* 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973), and *In re Grand Jury Investigation (U.S. v. McLean),* 565 F.2d 318 (5th Cir. 1977). Those cases deal with constitutional rights, not the sort of statutory protection involved here. *See id.*

Finally, the Court believes that basic principles of statutory construction support, and perhaps even dictate, the result reached here. Those principles require the Court to look first to the language of the statute itself. *E. g., Transamerica Mortgage Advisors v. Lewis,* 444 U.S. 11, 16, 100 S.Ct. 242, 245, 62 L.Ed.2d 146 (1979), and cases cited thereat. Here, Congress used the word "order" and the "plain and unambiguous" meaning of the term, *Raven v. Panama Canal Co.,* 583 F.2d 169, 170 (5th Cir. 1978), simply does not comprehend a subpoena. That ordinary meaning must govern because there are no persuasive reasons why it should not. *Burns v. Alcala,* 420 U.S. 575, 580–81, 95 S.Ct. 1180, 1184–1185, 43 L.Ed.2d 469 (1975).

For all the foregoing reasons, the motion for reconsideration is DENIED and the motion to quash remains GRANTED.