## In re GRAND JURY SUBPOENA DUCES TECUM CONCERNING CREDIT BUREAU, INCORPORATED OF GEORGIA.

### No. GJ 79–4.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 12, 1980.

---

William L. Harper, U. S. Atty., N. D. Ga., C. Michael Abbott, Jake Arbes, Asst. U. S. Attys., Atlanta, Ga., for plaintiff.

G. Lee Garrett, Jr., Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

The Credit Bureau, Incorporated of Georgia hereinafter cited as (Credit Bureau) has moved this court to quash a grand jury subpoena duces tecum ordering it to produce any and all credit information con-

cerning two named individuals. The Credit Bureau, a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, contends that it cannot comply with the subpoena without risking civil and criminal penalties under the FCRA. 15 U.S.C. §§ 1681n and r. *See also* 15 U.S.C. § 1681s (providing for administrative enforcement). Section 604 of the Act specifically restricts the circumstances under which a consumer reporting agency may honor a request for consumer reports in its files. 15 U.S.C. § 1681b.[1] The issue presented to the court is whether a grand jury subpoena is an "order of a court" within the meaning of § 604(1), allowing the Credit Bureau to furnish the report to the grand jury without risking civil and criminal liability. The court holds that it is not.

There is a fairly even split of authority on whether a grand jury subpoena is a court order within the meaning of § 604 of the FCRA. *Compare In re Motion of Mary Vaughn and Credit Bureau to Quash Subpoena Duces Tecum*, 496 F.Supp. 1080 No. GJ 80–3 (N.D.Ga. July 14, 1980) *and In the Matter of Credit Bureau*, No. 79–C–2899 (E.D.N.Y. Oct. 17, 1979) *and Application of Credit Information Corp. to Quash a Grand Jury Subpoena*, 457 F.Supp. 969 (S.D.N.Y. 1978) [hereinafter cited as *Application of Credit*] *with United States v. Kostoff*, 585 F.2d 378 (9th Cir. 1978) *and In re Grand Jury Proceedings: Subpoena and Subpoena Duces Tecum to Credit Bureau Services*, Misc.No. 263 Section D (E.D.La. Jan. 24, 1979) *and In re Subpoena Duces Tecum to*

---

1. 15 U.S.C. § 1681b provides in its entirety:
"A consumer reporting agency may furnish a consumer report under the following circumstances and no other:
(1) In response to the order of a court having jurisdiction to issue such an order.
(2) In accordance with the written instructions of the consumer to whom it relates.
(3) To a person which it has reason to believe—
(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or
(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or
(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
(E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer."

*Testify Before Grand Jury Directed to TRW, Inc. (Linda Woods)*, 460 F.Supp. 1007 (E.D.Mich.1978) *and In re Miscellaneous Grand Jury `Proceedings Concerning Subpoena Duces Tecum Served Upon TRW*, Misc.No. 6366 (C.D.Cal. Jan. 13, 1978), appeal pending, 9th Cir., No. 78–1665. The court finds the rationale of the *Application of Credit* line of cases to be persuasive. In his well–reasoned order, Judge Ward found that the grand jury subpoena "is functionally a tool of the prosecutor, issued at the initiative of the United States Attorney, with no judicial participation." *Application of Credit*, 457 F.Supp. at 971. *Accord, In re Grand Jury Proceedings*, 486 F.2d 85 (3d Cir. 1973). Judge Ward went on to state:

In view of the grand jury's essentially investigatory and prosecutorial function, the Court believes it would ignore reality to consider a grand jury subpoena an order of the court. The Court also believes that such a characterization would be inconsistent with the function Congress intended a court order to serve under the Act, *i. e.*, to ensure that a consumer's privacy is not unduly impinged upon by disclosure of his credit file to third-parties, including governmental investigative agencies, which are not seeking the information for credit–related, business purposes. In order to provide this protection for the consumer, it is necessary for a court to consider the purposes for which disclosure is sought and to make a reasoned determination as to whether granting the requesting party access to the consumer's file for such purposes would violate the consumer's rights. Because a grand jury subpoena,

like that of a governmental administrative agency, is issued without any judicial consideration, but rather *pro forma* by the clerk of the court at the request of and for the purposes of the prosecutor, it does not provide the protection for consumer privacy which Congress sought when it required a court order under § 1681b.

*Id.* at 971–72 (footnotes omitted).

 In light of the legislative purpose behind the Act, 15 U.S.C. §§ 1681(a)(4) and (b), and Congressional concern over governmental investigatory agencies' access to consumer credit reports, *see* 15 U.S.C. § 1681f, 114 Cong.Rec. 24902 (1968) (remarks of Senator Proxmire),[2] the court finds that § 604(1) should be strictly construed to exclude a grand jury subpoena. The United States Attorney's arguments to the contrary are inapposite. Although a grand jury is called into existence by an order of the court, and its subpoenas are issued under court seal,[3] it does not follow that grand jury subpoenas are court orders. In many respects the grand jury is powerless to act without the assistance of the court. A "grand jury must rely on the court to compel production of books, papers, documents, and the testimony of witnesses, and the court may quash or modify a subpoena on motion if compliance would be 'unreasonable or oppressive.'" *United States v. Calandra*, 414 U.S. 338, 346 n.4, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974) (quoting Fed.R.Crim.P. 17(c)). In *Calandra* the Supreme Court approved the language in *Brown v. United States*, 359 U.S. 41, 49, 79

---

**2.** Senator Proxmire stated that the proposed legislation would require "credit bureaus [to] have in effect procedures for guaranteeing the confidentiality of the information they collect and that no such information be released to non–creditors such as governmental investigatory agencies without the express consent of the person involved." A predecessor to the FCRA considered by the House would have allowed government agencies to have access to consumer reports "pursuant to legal process." H.R. 16340, 91st Cong., 2d Sess., 116 Cong.Rec. 6221 (1970) (Rep. Sullivan). *See Fair Credit Reporting: Hearings on Fair Credit Reporting Act Before the Subcomm. on Consumer Affairs*

of the House Comm. on Banking and Currency, 91st Cong., 2d Sess. 7 (1970) [hereinafter cited as *House Hearings*]. However, after extensive debate, *see* 115 Cong.Rec. 2413 (1969) (remarks of Senator Proxmire), *House Hearings* at 154 (remarks of Dr. Jordan), 233 (remarks of Mr. Speiser), and 605–06 (letter from Mr. Kleindienst), Congress chose to require a court order before government agencies could obtain information in consumer credit files other than identification information. 15 U.S.C. § 1681f.

**3.** Civil subpoenas are also issued *pro forma* and under court seal. Fed.R.Civ.P. 45(a).

S.Ct. 539, 545, 3 L.Ed.2d 609 (1959), *overruled, Harris v. United States*, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965), that

[a] grand jury is clothed with great independence in many areas, but it remains an appendage of the court, powerless to perform its investigative function without the court's aid, because powerless itself to compel the testimony of witnesses. It is the court's process which summons the witness to attend and give testimony, and it is the court which must compel a witness to testify if, after appearing, he refuses to do so.

*Accord, United States v. Stevens*, 510 F.2d 1101, 1106 (5th Cir. 1975). Thus, it is apparent that the grand jury's status as a constitutional entity with substantial independent powers does not make it immune from supervision by the court.

Nor does it necessarily follow that requiring a grand jury to obtain a court order will hamper its investigatory function. The court finds that grand jury secrecy is adequately protected by requiring an *in camera ex parte* application for a court order.[4] *See* Fed.R.Crim.P. 6(e). Such an application would require only a slight delay and would further the legislative purpose behind the FCRA by ensuring that the information sought is relevant to or necessary for an ongoing grand jury investigation. Accordingly, the court finds that a grand jury subpoena is not an "order of the court" within the meaning of the Fair Credit Reporting Act.

 In anticipation of this ruling by the court, the United States Attorney has moved to make the grand jury subpoena an order of the court. In an *in camera ex parte* hearing before the court, the United States Attorney made a good faith showing that the consumer records sought are relevant to an ongoing grand jury investigation.[5] Accordingly, the United States Attorney's motion is granted, and the Credit Bureau is ordered to comply with the subpoena duces tecum.

IT IS SO ORDERED.

---

4. In this respect the court differs with dicta in the recent decision of *In re Motion of Mary Vaughn and Credit Bureau to Quash Subpoena Duces Tecum*, 496 F.Supp. 1080 No. GJ 80–3 (N.D.Ga. July 14, 1980) (Moye, J.), to the effect that the consumer whose records are sought must be notified and have a chance to respond to the government's motion for an order. The court believes that this would be violative of the policy behind rule 6(e) of the Federal Rules of Criminal Procedure and would severely hamper the investigatory function of the grand jury without substantially furthering the purposes behind the FCRA. The court further believes that the consumer's "right to know" is adequately protected by § 609(a)(3)(B) of the Act, 15 U.S.C. § 1681g(a)(3)(B), which requires the consumer reporting agency to disclose to whom his file has been furnished if the consumer so requests within six months of when the report is obtained.

5. The court believes the most expeditious procedure for the United States Attorney to follow in future cases would be to make an application to the court for an order prior to issuing the subpoena duces tecum. This will alleviate the burden on consumer reporting agencies to move to quash every subpoena duces tecum issued to them. *See also In re Motion of Mary Vaughn and Credit Bureau to Quash Subpoena Duces Tecum*, at —— (invoking court processes at an earlier point may enhance privacy of consumer credit information).