David Dart Queen, Asst. U. S. Atty., Baltimore, Md., for defendant.

## In the Matter of APPLICATION TO QUASH GRAND JURY SUBPOENA.

### Civ. No. Y–81–2636.

United States District Court,
D. Maryland.

Dec. 1, 1981.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

The Credit Bureau of Baltimore, Inc. was served with a federal grand jury subpoena directing the production of various credit bureau records relating to individuals under investigation by the grand jury and the Federal Bureau of Investigation. The Credit Bureau has moved to quash the grand jury subpoena on the ground that the subpoena is not an "order" within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(1).

Section 1681b provides that:

A consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.

A consumer reporting agency which violates this provision is subject to civil and criminal penalties under 15 U.S.C. §§ 1681n, 1681r.

The district courts have split on the question of whether a grand jury subpoena is a court order. *Compare In re Grand Jury Subpoena Duces Tecum*, 498 F.Supp. 1174 (N.D.Ga.1980); *In re Vaughn*, 496 F.Supp. 1080 (N.D.Ga.1980); and *In the Matter of The Application Of Credit Information Corporation*, 457 F.Supp. 969 (S.D.N.Y.1978), (cases finding a subpoena is not an order) *with In re Grand Jury Proceedings*, 503 F.Supp. 9 (D.N.J.1980), *appeal dismissed* for lack of jurisdiction, *sub. nom. Matter of Grand Jury Empanelled August 14, 1979*, 638 F.2d 1235 (3rd Cir. 1981); *United States v. Retail Credit Mens' Association*, 501 F.Supp. 21 (M.D.Fla.1980); and *In re TRW, Inc.*, 460 F.Supp. 1007 (E.D.Mich.1978), (cases finding a subpoena is an order). The only Circuit Court to rule on the issue held a subpoena not to be a court order. *In re Gren*, 633 F.2d 825 (9th Cir. 1980). This Court follows the line of cases finding that a grand jury subpoena is not a "court order" within the meaning of the FRCA.

The principal controversy running through these cases concerns the nature of the grand jury. The court in *TRW, supra*, emphasized that a grand jury is empanelled by a federal judge and is instructed by the judge that it stands between the government and the accused and must exercise its judgment independently of the U.S. Attorney. The court concluded that a grand jury is a judicial body and that a subpoena issued by a grand jury must be an order of the court. The court in *In re Grand Jury Proceedings, supra*, agreed and noted that a grand jury subpoena orders the recipient to appear in United States District Court and, therefore, constitutes a writ issuing from the court.

While this position is technically accurate, the Court believes it ignores the realities of grand jury proceedings. The Third Circuit has described grand juries as follows:

"First, although federal grand juries are called into existence by order of the district court, Fed.R.Crim.P. 6(a); 18 U.S.C. § 1331, they are 'basically . . . a law enforcement agency.' *United States v. Cleary*, 265 F.2d 459, 461 (2nd Cir.), *cert. denied*, 360 U.S. 936, 79 S.Ct. 1458, 3 L.Ed.2d 1548 (1959). They are for all practical purposes an investigative and prosecutorial arm of the executive branch of government. See 8 J. Moore, Federal Practice ¶ 6.02[1], [6] (2d ed. Cipes ed. 1972). Second, although like all federal court subpoenas grand jury subpoenas are issued in the name of the district court over the signature of the clerk, they are issued pro forma and in blank to anyone requesting them. Fed.R.Crim.P. 17(a). The court exercises no prior control whatsoever upon their use. Third, although grand jury subpoenas are occasionally discussed as if they were the instrumentalities of the grand jury, they are in fact almost universally instrumentalities of the United States Attorney's office or of some other investigative or prosecutorial department of the executive branch. Grand jury subpoenas then,

when they are brought before the federal courts for enforcement, for all practical purposes are exactly analogous to subpoenas issued by a federal administrative agency on the authority of a statute, without any prior judicial control."

*In re Grand Jury Proceedings*, 486 F.2d 85, 89–90 (3rd Cir. 1973).

The significance of this *realpolitik* view of the grand jury becomes apparent when one examines the purpose and legislative history of the FCRA. During hearings on the FCRA, Richard Kleindienst, then Deputy Attorney General of the United States, suggested the addition of a section which would have read as follows:

> No provision of this Act is intended to prohibit or limit the furnishing of information requested by a public investigative or law enforcement agency in the performance of its official duty.

*In re Gren, supra*, 633 F.2d at 827. Congress declined to give public law enforcement agencies such carte blanche. Specifically Congress required that, unless a government agency has a business reason for desiring information about a consumer, or has the permission of the consumer, the only way the agency may obtain the information is by convincing a court that the agency has a sufficient need for the information to justify the court in ordering an invasion of the consumer's privacy.

■ A grand jury subpoena does not provide the protection of the consumer's privacy that a court order does. While nominally a judicial entity, a grand jury is in practice precisely the type of public investigative body to which Congress declined to give unfettered access to consumer information. *See id.* at 827–28. Since a grand jury subpoena is primarily a tool of the prosecutor and is issued pro forma by the clerk of the district court, there is no guarantee that a subpoena is based upon a careful consideration of the competing interests of the prosecutor's need for the information and the consumer's right to privacy. The Act's requirement that consumer information be released only upon a court order was clearly intended to ensure such a balancing.

*Application of Credit Information Corp., supra*, 457 F.Supp. at 971–72.

The government argues that the concern over privacy rights which led Congress to refuse to grant public law enforcement agencies in general unlimited access to consumer information does not apply to grand juries. The government contends that the grand jury is unique among law enforcement bodies in having a variety of protections, such as F.R.Crim.P. 6(e), designed to ensure the secrecy of proceedings before it. The government suggests that these protections "render superfluous the secrecy concerns sought by the Fair Credit Reporting Act." This argument was addressed *In Re: Vaughn*, 496 F.Supp. 1080, 1083 (N.D.Ga. 1980), where the court concluded that, while the two sets of secrecy provisions are largely redundant, "Congress chose to enact an additional measure of protection for credit information." Specifically, Congress anticipated that in some instances, the court would exercise its discretion not to grant the prosecutor's request for an order. In such situations, the consumer whose information is not released to the grand jury is afforded significantly more protection by the Act than by the secrecy provisions surrounding grand jury proceedings. *Id.*

The government also argues that the legislative history of a subsequent statute, the Right to Financial Privacy Act ("RFPA") of 1978, 12 U.S.C. §§ 3401 *et seq.*, is relevant here. That Act, which limits government agencies' access to the records of customers of financial institutions expressly exempts "any subpena [sic] or court order issued in connection with proceedings before a grand jury." 12 U.S.C. § 3413(i). The House Report accompanying this bill stated that this exemption was based upon, *inter alia*, the fact that grand juries are the most important law enforcement mechanism and the fact that there are other secrecy protections associated with grand juries. House Report No. 1383, 95th Congress, 2d Session 228, reprinted in 1978 U.S.Code Congressional and Administrative News 9273 at 9358. The government suggests that, since the purpose of the two privacy acts are very similar, it is logical to assume that Congress would have adopted this reasoning if Con-

gress had explicitly considered the applicability of the Fair Credit Reporting Act to grand juries. On the contrary, the Court is convinced that the two acts are governed by different policy considerations. Credit information is a small subset of all financial records, and Congress indicated its belief that credit information is particularly sensitive in two ways. First, Congress included in the FCRA a section entitled "Congressional findings and statement of purpose," outlining the need for strict control over consumer reporting agencies that collect credit information. 15 U.S.C. § 1681. There is no equivalent section in the RFPA. Second, in the RFPA, regulating financial records in general, Congress exempted not only disclosure pursuant to. a grand jury subpoena but also disclosure in a large number of other circumstances. 12 U.S.C. § 3413. There is no such list of exceptions in the FCRA. The Court concludes that Congress did not intend to exempt grand juries from the ambit of the Fair Credit Reporting Act.

For the reasons set forth herein, it is this 1st day of December, 1981, by the United States District Court for the District of Maryland, ORDERED:

That the application to quash the grand jury subpoena BE, and the same IS, hereby GRANTED.