**In re GRAND JURY SUBPOENAS ISSUED TO UNITED STATES POSTAL SERVICE.**

United States District Court, E. D. Tennessee, N. D.

Dec. 10, 1981.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Grand jury subpoenas were issued to each of the three Postal Service (Service) Section Managers in this District. Each subpoena asks for personnel information and directs that it be placed on a computer tape. The information is apparently sought for a computer matching program to identify any postal employee who might be receiving federally-funded welfare benefits and who might be shown by further investigation to have obtained such benefits by making false or fraudulent statements in violation of 18 U.S.C. § 1001. On November 17, 1981 the Service moved to quash the three subpoenas duces tecum. The requested tapes have been submitted under seal.

The Service contends that the Privacy Act, 5 U.S.C. § 552a(b), prohibits disclosure of the requested information absent a court order and that the subpoenas are not court orders as that term is used in the Privacy Act, 5 U.S.C. § 552a(b)(11) citing primarily *Stiles v. Atlanta Gas Light Co.*, 453 F.Supp. 798 (N.D.Ga.1978), and cases interpreting a similar provision of the Fair Credit Reporting Act (FCRA). The Service asserts that the Department of Justice can obtain the information pursuant to guidelines established by the Office of Management and Budget (OMB), 44 Fed.Reg. 23,138 (1979), and that even if the Court enforces the subpoenas duces tecum the Federal Bureau of Investigation would still be required to follow the guidelines.

The United States Attorney argues in his response that the information is requested by the grand jury, not the Federal Bureau of Investigation or the United States Attorney, and that the grand jury is not an "agency" subject to the Privacy Act and the OMB guidelines. He contends further that a grand jury subpoena is a court order within the meaning of 5 U.S.C. § 552a(b)(11). Alternatively, he moves the Court for an order compelling the Service to comply with the subpoenas. The nature of the investigation in the present case is set forth in an affidavit of the United States Attorney which was submitted under seal.

There is a fairly even split of authority as to whether or not a grand jury subpoena is a court order. The Sixth Circuit has not decided the issue. Judge John Feikens held in an FCRA case that a grand jury subpoena is a court order. *In re TRW, Inc.*, 460

F.Supp. 1007 (E.D.Mich.1978). He reasoned that a grand jury is an arm of the court, standing between the government and the accused and exercising independent judgment. He observed that "If a grand jury could not issue a subpoena without prior authorization by a federal judge a serious problem would arise as to what standard the judge should apply in evaluating the necessity and reasonableness of the requested subpoena." 460 F.Supp. at 1009 n.*. Other Courts have agreed. *E.g., In re Grand Jury Proceedings,* 503 F.Supp. 9 (D.N.J.1980); *United States v. Retail Credit Men's Association of Jacksonville,* 501 F.Supp. 21 (M.D.Fla.1980). The cases which hold to the contrary do so because a grand jury subpoena "is functionally a tool of the prosecutor, issued at the initiative of the United States Attorney, with no judicial participation." *Application of Credit Information Corp. to Quash a Grand Jury Subpoena,* 457 F.Supp. 969, 971 (S.D.N.Y.1978). Some Courts have adopted that reasoning. *E.g., In re Gren,* 633 F.2d 825 (9th Cir. 1980); *Application of Credit Information Corp. to Quash a Grand Jury Subpoena,* 498 F.Supp. 1174 (N.D.Ga.1980).

The Court has examined the affidavit of the United States Attorney and is of the opinion that the information sought is relevant to the investigation being conducted by the grand jury. Therefore, the Service must comply with the subpoenas duces tecum. It is, therefore, unnecessary for this Court to express its opinion as to whether or not a grand jury subpoena is a court order.

Although the Court is sympathetic to the concern of the Service that the privacy interests of its employees be protected, the Court holds that the OMB guidelines are inapplicable. A grand jury conducting a criminal investigation is not an "agency" of the government as that term is used in the OMB guidelines. *In the Matter of the Computer Fraud Investigation,* W.D.Texas, September 1, 1981.

For these reasons, it is ORDERED that the motion to quash the subpoenas duces tecum be, and the same hereby is, denied.

It is further ORDERED that the Service comply with the subpoenas duces tecum and that disclosure and use of the information be limited to the grand jury proceedings and any criminal prosecutions which may follow.

Order accordingly.