**In re GRAND JURY SUBPOENA TO the CREDIT BUREAU OF GREATER HARRISBURG.**

Misc. No. 84–199.

United States District Court, M.D. Pennsylvania.

Aug. 3, 1984.

James J. West, First Asst. U.S. Atty., Harrisburg, Pa., for plaintiff.

Richard C. Ruben, Hanson & Ruben, Harrisburg, Pa., for defendant.

## MEMORANDUM

RAMBO, District Judge.

On or about June 20, 1984, Mr. Lee West, President of the Credit Bureau of Greater Harrisburg (Credit Bureau) was duly served with a subpoena to testify before the grand jury. The information requested to be released and provided to the grand jury by the Credit Bureau is of the type governed by the *Fair Credit Reporting Act*, specifically 15 U.S.C. § 1681b (1982).

On June 27, 1984, the Credit Bureau filed a Motion to Quash the grand jury subpoena. This motion was supported by a brief filed on June 29, 1984. In that brief, the Credit Bureau correctly phrased the matter in issue as follows:

Is a grand jury subpoena duces tecum issued upon application of the United States Attorney's office and without judicial approval to be considered an order of court within the meaning of the provision of Fair Credit Reporting Act 15 U.S.C. § 1681b?

That section reads as follows:

§ 1681b. Permissible purposes of consumer reports

A consumer reporting agency may furnish a consumer report under the following circumstances *and no other:*

(1) In response to the order of a court having jurisdiction to issue an order.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(D) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.

[Emphasis added]

The Credit Bureau asserts that the majority of jurisdictions hold that a grand jury subpoena is not a "court order" as required by 15 U.S.C. § 1681b. The Credit Bureau cites *Grand Jury Subpoena Duces Tecum Concerning Credit Bureau Inc., of Georgia*, 498 F.Supp. 1174 (N.D.Ga.1980) and *Application of Credit Information Corporation of New York to Quash Grand Jury Subpoena*, 457 F.Supp. 969 (S.D.N.Y. 1978) to support its position. The court uncovered two other cases, *In the Matter of Application to Quash Grand Jury Subpoena*, 526 F.Supp. 1253 (D.Maryland 1981) and *In re Vaughn*, 496 F.Supp. 1080 (N.D. Ga.1980), which draw the same conclusion.

The government describes the issue as being the subject of a split in the district courts. They correctly cite *In Re TRW, Inc.*, 460 F.Supp. 1007 (E.D.Mich.1978) which held that a federal grand jury is a judicial body and a grand jury subpoena is a court order within the meaning of § 1681b. The Government also correctly cited *In Re Grand Jury Proceedings*, 503 F.Supp. 9 (D.N.J.1980) for the same principle.

The only circuit court speaking directly to the issue was the Ninth Circuit in *In Re Gren*, 633 F.2d 825 (9th Cir.1980). That court held that a grand jury subpoena is not a court order within the meaning of the Act.

While the government contends that the only pertinent ruling in the Third Circuit is the New Jersey District Court case cited

above, we have found a Third Circuit case which, although not directly on point, seems both applicable and helpful. That case is *In Re Grand Jury Proceedings, In Re Jacqueline Schofield, Witness*, 486 F.2d 85 (3d Cir.1973). Although this case is significant because it requires what is now known as the "Schofield affidavit," it is relevant to the issue at hand because of Judge Gibbons' findings concerning grand juries and grand jury subpoenas. Judge Gibbons found the grand jury to be a law enforcement agency—an investigative and prosecutorial arm of the executive branch of government. *Id.* at p. 90. He also found that grand jury subpoenas are instrumentalities of the United States Attorney's office. Because of this fact, Judge Gibbons goes on to say, grand jury subpoenas are exactly analogous to subpoenas issued by a federal administrative agency. Such subpoenas are not considered court orders.

Evaluating and analyzing the conflicting positions taken by the courts, this court leans strongly toward the position taken by the Credit Bureau and the cases it cites. However, in the interest of fairness and completeness, we will consider the policy arguments put forth by the government.

The government argues that the grand jury is an arm of the judiciary. We will not dispute this point. That, however, is not the same as saying that the grand jury *is* the judiciary. The grand jury is not the court and it doesn't issue court orders. Therefore, it is apparent that it cannot, in and of itself, comply with the clear requirement of 15 U.S.C. § 1681b (*supra*).

Next, the government argues that the subpoena in question is the court's own process. Again, this is partially true but there are other important factors to be considered. These subpoenas are issued by the Clerk of Courts, in blank. Fed.R. Crim.P. 17(a). The Clerk exercises no discretion in issuing these documents. They are not the equivalent of a court order.

The government goes on to argue, with no small amount of logic and persuasiveness, that the statute in question, 15 U.S.C.

§ 1681b, allows for various and sundry people to receive consumer reports and data similar to that sought by the government. *See* § 1681b(3)(A–E). This is true, and the wide and free dissemination of this information gives us pause. However, two other facts cause us to rule in favor of the movant here. First, the "persons" to whom disclosure is allowed under subsection 1681b(3)(A)–(E) are parties with whom the person about whom the data is being released either had or intends to have commercial transactions. Releasing information to such persons is substantially different than releasing information to persons or bodies who may use that information to support a criminal indictment.

The government comments on the unfairness and the absurdity of the statute's allowing someone such as the Credit Manager of K-Mart to obtain this information freely while setting up hurdles and barriers which interfere with the government's ability to obtain the same information. We don't deny that the government describes the facts accurately and these facts cast doubt on the wisdom of the statute in this regard. Nevertheless, we must be governed by the fact that Congress has very explicitly and unequivocally said in § 1681b that consumer reports can be furnished by a consumer reporting agency under three sets of circumstances. There is no question that the grand jury is not included in circumstances (2) and (3) under this section. Circumstance (1) requires the issuance of an order from a court having jurisdiction to issue such an order. If Congress wanted to exempt the grand jury from circumstance (1), it could and should have done so. This court has already determined that a grand jury subpoena is not such an order. Therefore, the grand jury has not met any of the three allowable circumstances for disclosure.

We cite at some length the Ninth Circuit's opinion in *In re Gren, supra*, because that opinion gives a fair and thorough summary of the legislative history of § 1681b. This history shows rather clearly

that Congress knew what it did when it passed subsection (1) of § 1681b:

The Fair Credit Reporting Act had a stormy birth in Congress. The Senate Bill (S.823) passed out of that house containing two separate sections pertinent to our inquiry.

Section 64 provided:

"A consumer reporting agency may furnish a consumer report under the following circumstances and no others:

"(1) In response to the order of a court having jurisdiction to issue such order ..."

Section 608 provided:

"Notwithstanding the provisions of Section 604, a consumer reporting agency may furnish identifying information respecting any consumer, limited to his name, address, former address, places of employment, or former places of employment, to a government agency."

H.R. 1634, which was the bill which ultimately became House version of this Act, originally contained Section 35:

"A consumer reporting agency may not furnish information on individuals in its files, except identifying information such as names, addresses, former addresses, places of employment, or former places of employment, to a governmental agency for purposes other than those listed in section 34(b) unless pursuant to legal process."

This provision was Section 608 of the 1970 amendments to the Act.

The Senate version won out, and when finally passed, the language enacted into law on this point is as follows:

"A consumer reporting agency may furnish a consumer report under the following circumstances, and no other:

"(1) In response to *the order of a court* having jurisdiction to issue such order," [15 U.S.C. 1681b] (emphasis added)

and

"Notwithstanding the provisions of Section 604 [15 U.S.C. 1681b], a consumer reporting agency may furnish identifying information respecting any consumer limited to his name, address, former address, places of employment or former places of employment, to a governmental agency." [15 U.S.C. 1681f]

A careful reading of the legislative history, and particularly the hearings before the Subcommittee on Consumer Affairs of the Committee on Banking and Currency of the House of Representatives, 91st Congress, 2nd Session, indicates that this very issue was before the Congress. Representatives of credit reporting agencies, including the one presently before this court, the AFL–CIO, and the American Civil Liberties Union all argued for the position that governmental agencies not engaged in an activity which included the extending of credit should have very limited access to information held by a consumer reporting agency.

On the other hand, Mr. Richard G. Kleindienst, then Deputy Attorney General of the United States, Mr. Hugo A. Rinta, then the Acting General Counsel of the Treasury Department, both argued forcibly that the governmental agencies should have unlimited access to this information, particularly in the law enforcement and revenue departments of the government. Indeed, Mr. Kleindienst suggested an amendment to or additional section to the Act which would read as follows:

"No provision of this Act is intended to prohibit or limit the furnishing of information requested by a public investigative or law enforcement agency in the performance of its official duty."

It was against this background that the Act was finally adopted containing the provisions set forth above.

What other attributes we may ascribe to Congress, this court can hardly hold that Congress did not know, when it enacted this law, that Grand Jury subpoenas were not the equivalent of a court order. *Id.* at 826–27.

While we agree with the government that one of the major purposes of the FCRA is to protect the privacy of individual citizens and of records maintained by credit agencies, and while we also strongly agree that the grand jury is a secret institution whose records should not and generally cannot be disclosed, we cannot leap from these premises to the conclusions that § 1681b allows for disclosure of consumer records to the grand jury in response to its subpoena. Neither can we agree that a grand jury subpoena is the equivalent of a court order. Therefore, this court will grant Credit Union's Motion to Quash the Subpoena.

Finally, we note that the movant is ready, willing and able to comply with a court order in this matter, and that such an order may be sought through an *in camera ex parte* hearing before the court, at which time the United States Attorney need do no more than make a good faith showing that the material sought is relevant to the grand jury's investigation.