Bernard FITCH, Appellant,

v.

VETERANS ADMINISTRATION,
Appellee.

No. 78–1792.

United States Court of Appeals,
Eighth Circuit.

Submitted May 2, 1979.

Decided May 8, 1979.

Bernard Fitch, pro se.

Edward G. Warin, U.S. Atty. and Robert F. Kokrda, Asst. U.S. Atty., Omaha, Neb., filed memorandum in lieu of brief for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Bernard Fitch appeals from the district court[1] order dismissing his complaint for failure to state a cause of action. We affirm.

The uncontested facts of this case, as recited in the district court's initial memorandum and order of December 13, 1977, are as follows: In January, 1977 Bernard Fitch entered the Veterans Administration (VA) Hospital in Roseburg, Oregon for treatment of pains in his back, neck and leg. While he was undergoing treatment, the doctor researched his case history and discovered that he had, at some time, suffered from a convulsive disorder.

On March 25, 1977 the Administrator of the Health Division of the State of Oregon sent a letter to the VA Hospital at Roseburg and requested a report of disorders affecting consciousness in patients treated at the Roseburg facility. Reporting such disorders is mandated by a recently enacted Oregon statute.

Dr. R. B. Lorenzo of the VA responded to the Administrator's letter by forwarding information regarding Fitch's convulsive disorder to the state. The report was confidential and, according to the explanation on the back of the Health Division's form, "shall be used by the division only to determine the qualifications of persons to operate motor vehicles upon the highways."

Upon receipt of Dr. Lorenzo's report, the Oregon Motor Vehicles Division wrote to Fitch and requested that he complete a certificate of medical examination. Fitch's wife, who allegedly had no knowledge of his convulsive disorder, opened the letter and read about his medical history. His wife was upset about the possibility that the convulsive condition might be hereditary and, stating that she did not want to bear his children, she left him.

On August 1, 1977 Fitch filed a one page "complaint" against the VA in the District of Nebraska, seeking five million dollars in damages as a result of the disclosure. He subsequently amended his complaint to allege the facts recited above. The VA moved to dismiss for failure to state a claim upon which relief can be granted. By memorandum and order of October 17, 1977 the court denied the VA's motion to dismiss, holding that the VA's disclosure of information to the Oregon authorities was in violation of the privacy provisions of 38 U.S.C. § 3301, because that statute did not allow the VA to disclose anything other than Fitch's name and address.

Thereafter, Fitch, this time represented by counsel, filed a second amended complaint. The VA again moved to dismiss and the court reconsidered its earlier order and granted the motion to dismiss, holding that the VA's disclosure was authorized by 38 U.S.C. § 3301. From the order of dismissal, Fitch took this timely appeal.

The rather narrow question presented here is whether the VA violated the confidentiality provisions of § 3301 when it released to Oregon authorities information other than Fitch's name and address—*i. e.,* date of birth, sex, seizure disorder, and treatment and prognosis of the disorder. The question turns on the construction of the following two paragraphs of § 3301:

(e) Except as otherwise specifically provided in this section with respect to certain information, the Administrator may release information, statistics, or reports to individuals or organizations when in the Administrator's judgment such release would serve a useful purpose.

(f) The Administrator may, pursuant to regulations the Administrator shall prescribe, release the names or addresses, or both, of any present or former members of the Armed forces, and/or their dependents, . . . (2) to any criminal or civil law enforcement governmental agency or instrumentality charged under applicable law with the protection of the public health or safety if a qualified representative of such agency or instrumen-

---

1. The Honorable Robert V. Denney, United States District Judge for the District of Nebraska.

tality has made a written request that such names or addresses be provided for a purpose authorized by law.  .   .   .

In its initial order denying the VA's motion to dismiss, the court focused on paragraph (f) and held that it only allowed disclosure of Fitch's name and address and no further information. The court further held that paragraph (e) did not allow for the disclosure of the additional information about Fitch's medical condition because the Administrator's discretion was limited by the clause, "except as otherwise specifically provided in this section with respect to certain information." The court was of the view that Congress had "otherwise specifically provided" in paragraph (f)(2) and that the VA had no authority to release information other than the name and address. The court found this interpretation consistent with the strong policy of preserving confidentiality expressed in the statute and legislative history.

■ Thereafter a second amended complaint was filed and the United States filed a second motion to dismiss, which was in the nature of ˚a motion to reconsider the initial order. The district court reconsidered its initial order and issued a second order granting the motion to dismiss. In its second order, the court held that the VA's disclosure of the additional information was authorized by paragraph (e).

The court began by noting that paragraph (a) of § 3301, which states the general rule of confidentiality, refers to "files, records and other papers and documents." The following paragraphs create certain exceptions to˚this general rule with regard to specific types of information. Paragraph (f) relates to a certain type of information—*i. e.*, names and addresses. Thus, names and addresses may only be disclosed in the circumstances described in paragraph (f).

Paragraph (e) allows discretionary disclosure when such would serve a "useful purpose," except when it is otherwise specifically provided with respect to "certain" information. Because paragraph (f) relates to "certain" information—*i. e.*, names and

addresses, subsection (e) does not broaden the VA's power to disclose names and addresses. With regard to information other than names and addresses, however, paragraph (e) does allow for discretionary disclosure. Therefore, reading paragraphs (e) and (f) together, paragraph (f) allows for disclosure of Fitch's name and address and paragraph (e) allows for disclosure of the additional information—*i. e.*, medical information, date of birth, sex, etc. The court went on to hold that, on the facts of this case, there was no showing that the VA abused its discretionary authority under paragraph (e), because the disclosure was clearly for a "useful purpose"—informing Oregon authorities of a convulsive disorder which could affect public safety.

The district court's second order is clearly correct. In addition to its being in accord with the plain language of the statute, it is consistent with the legislative history of the statute.

■ For many years, the VA has cooperated with local health and safety organizations by complying with state laws relating to disclosure by medical institutions of information relating to communicable diseases, gunshot wounds or other injuries involving the use of weapons, and diseases which might affect one's ability to operate motor vehicles. In 1972 Congress passed Public Law 92–540, part of which limited disclosure of names and addresses of veterans to situations now encompassed in paragraph (f)(1) of § 3301. The reason for this statute was to prohibit the disclosure of veterans' names and addresses to commercial organizations.

About two years later the VA's general counsel issued Opinion .13–74, which construed P.L. 92–540 as preventing the VA from disclosing names and addresses of veterans to local health and safety organizations. There followed a storm of protest from these organizations and members of Congress, but the VA held to its position. This resulted in the passage of P.L. 94–321, which created paragraph (f)(2) and amended paragraph (e) of § 3301.

The legislative history of P.L. 94–321 clearly indicates that Congress intended the statute to allow for the VA to disclose medical information in addition to names and addresses. In a letter to the VA Administrator, Senators Hartke and Cranston were critical of the VA's position expressed in Opinion 13–74 and said:

> In our view, two alternative interpretations of existing law permit you to continue the VA's longstanding policy of advising the appropriate local public health authority of the identity of any VA patient with a communicable disease.

> We believe, first of all, that there is no basis for concluding that Congress, by amending section 3301 in 1972, intended that *information from medical records*, including the identity of a patient treated for a communicable disease, fall under the limitation of paragraph (9) [now paragraph (f)] of that section, as the General Counsel contends. As the principal Senate authors of Public Law 92–540, we conclude that the preexisting authority in paragraph (8) [now paragraph (e)], as limited by other applicable State and Federal laws, was not in any way altered by that 1972 law insofar as the release of information from a VA patient's medical records is concerned.

S. Rep. 892, 94th Cong., 2d Sess. 25, *reprinted in* [1976] U.S. Code Cong. & Admin. News, pp. 1299, 1321 (emphasis in original). In an accompanying legal memorandum, the Senators stated:

> In view of the foregoing discussion, we conclude that the amendments to section 3301 in 1972 were not intended to limit the Administrator's longstanding discretionary authority under paragraph (8) to release *information* (*including the name and address*) about a patient or former patient in a VA health care facility "when in his judgment such release would serve a useful purpose." There is no disagreement, we believe, that the release of such information to public health authorities to prevent the spread and facilitate the treatment of *communicable diseases*, consistent with the requirements of State and Federal law, is a "useful

purpose" within the meaning of that term as used in paragraph (8) of section 3301.

*Id.* at 37, [1976] U.S. Code Cong. & Admin. News at 1333 (emphasis added). The clear import of these statements is that individually identifiable medical information may be disclosed to appropriate state or local agencies and that such disclosure is not to be limited to names and addresses.

The order of the district court is affirmed.