**In re A MOTION FOR A STANDING ORDER.**

No. 90–85.

United States Court of Veterans Appeals.

Argued May 8, 1990.

Decided July 2, 1990.

As Amended July 3, 1990.

David Frohlich, with whom Daniel A. Rezneck, Washington, D.C., were on the brief, as amicus curiae.

Jeffrey C. Corzatt and David W. Engel, with Raoul L. Carroll, Gen. Counsel, and Andrew J. Mullen, Acting Asst. Gen. Counsel, Washington, D.C., for Secretary of Veterans Affairs.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

## SUMMARY OF DECISION

KRAMER, Associate Judge:

This is a rule-making matter, undertaken at the behest of the Secretary of Veterans Affairs (Secretary), pursuant to the Court's authority to adopt rules of practice and procedure under 38 U.S.C.A. § 4064(a) (West Supp.1990). The Secretary requests that the Court adopt a rule by a standing order excepting him from the proscriptions of two privacy laws. Those laws prohibit him from filing with the Court relevant records from a veteran's case file, thus frustrating the right of appeal conferred by the Veterans' Judicial Review Act, Pub.L. No. 100–687, 102 Stat. 4105 (1988) (Act).

The Court concludes that the Privacy Act, 5 U.S.C. § 552a (1982), and the veterans' confidentiality provision contained in 38 U.S.C. § 3301 (1982), apply to proceedings before the Court. The Court further concludes that the motion for a standing order, to obviate the need to obtain written consent to the disclosure of records, is granted and that the Secretary shall transmit, without further order of the Court, unless otherwise ordered, all records and other materials that are subject to the protection of 5 U.S.C. § 552a and 38 U.S.C. § 3301, and which are required to be transmitted pursuant to Interim General Rules 3(d), 10, or 11, or which are required in an Interim General Rule 21 proceeding or for resolution of an issue involving the jurisdiction of the Court. Finally, the Court has decided, that with respect to disclosure of records containing certain sensitive information subject to the special protection of 38 U.S.C. § 4132 (1982), a subject which was not addressed in the Secretary's motion, no action will be taken at this time.

## BACKGROUND

On November 18, 1988, Congress passed the Act. Title III thereof established the United States Court of Veterans Appeals, a new Article I court of record. *See id.* §§ 301–303, 102 Stat. at 4113–22. The Act provided that the Court "shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals", 38 U.S.C.A. § 4052 (West Supp.1990), stipulating that the Court's review "shall be on the record of proceedings before the ... [Secretary] and the Board." *Id.* It further required that "all decisions of the Court ... and all [records] ... shall be public ... open to ... inspection", but that "[t]he Court may make any provision which is necessary to prevent the disclosure of confidential information including a provision that any such ... information be placed under seal to be opened only as directed by the Court." 38 U.S.C.A. § 4068 (West Supp.1990).

With the enactment of these provisions, conflict has developed between the Congress' obvious desire that the Court review the record utilized by the Board of Veterans' Appeals (BVA) in deciding cases and several statutory provisions that generally prohibit the Secretary from disclosing records that concern a particular veteran. *See* 5 U.S.C. § 552a(b); 38 U.S.C. § 3301(a). As a consequence, the Secretary notified the Court that, lacking written consent in many pending proceedings, he was unable to comply with provisions in the Court's Interim General Rules which required him to transmit a copy of the BVA decision and designate and transmit the record on appeal or otherwise transmit records required by the Court. *See* COVA R. 3(d), 10, 11, and 21 (Interim).

To resolve this impasse, the Secretary filed with the Court a Motion for Entry of Standing Order for Disclosure of Information by the Secretary of Veterans Affairs to the Court of Veterans Appeals (Motion) and a supporting memorandum (Secre-

tary's Memorandum). The Motion requested that the Court issue a standing order that would require the Secretary to transmit necessary records to the Court. To ensure full exploration of the issues involved, the Court subsequently entered an order appointing and directing an amicus:

to file a memorandum (1) responding to the aforesaid motion; (2) addressing the application of 38 U.S.C. § 4132 to pleadings and submissions of Department records to the Court in appeals and other proceedings; (3) addressing the advisability of notifying prospective appellants that the filing of a Notice of Appeal will be deemed a consent to disclosure by the Secretary of the Department to the Court of records otherwise protected by any applicable nondisclosure statute; and (4) addressing how 38 U.S.C. § 4068(b)(1) and Rule 11(c)(2) of the Interim General Rules of the Court should be used with respect to records protected under § 4132.

*In re: A Motion for a Standing Order,* U.S.Vet.App. No. 90–85 (order appointing amicus curiae, Feb. 16, 1990).

The Secretary declined to respond to the brief filed by the amicus, relying on his Motion and the Secretary's Memorandum. Interested veterans organizations and state agencies were invited to file their own memoranda, also as amici curiae, and several responded.

## ANALYSIS

I. Applicability of 5 U.S.C. § 552a and 38 U.S.C. § 3301 to Veterans' Records Required by the Court

■ In creating the Court, Congress provided for a process which can only operate if the Secretary can freely transmit to the Court all relevant records. The Act was enacted later than the statutes which the Secretary has invoked as the basis for his inability to disclose these records and contains its own measures for protecting confidentiality when necessary. *See* 38 U.S.C.A. § 4068(b)(1) (authorizing measures to prevent disclosure of confidential information); *Id.* § 4069(a) (West Supp. 1990) (authorizing exceptions to require-

ment of publication). The Court's Interim General Rules recognize these protections. ("The court may make appropriate provisions to prevent disclosure of confidential information....") COVA R. 11(c)(2) (Interim). It is a long recognized rule of statutory construction that where there are conflicting provisions, the most recent "will control as it is the later expression of the legislature." 2A N. Singer, *Statutes and Statutory Construction* 51.02 (4th ed. 1984). Thus, a strong argument can be made that the Court's process is not constrained by the prohibitions of the Privacy Act and the confidentiality provision.

However, there is another canon of construction which counsels that: "Whenever the legislature enacts a provision it has in mind previous statutes relating to the same subject matter ... [s]tatutes for the same subject, although in apparent conflict, are construed to be in harmony if reasonably possible." *Id.; see International Union of Elec., Radio & Mach. Workers v. NLRB,* 289 F.2d 757, 761 (D.C.Cir.1960). The Court believes that the preferable approach is to give effect to each of the relevant statutory provisions if possible. In the situation at hand, a harmonious reading of all relevant statutes together with the implementation of a procedure which recognizes such a reading is possible. The Court therefore concludes that the Privacy Act, 5 U.S.C. § 552a, applicable to agency disclosure in general, and 38 U.S.C. § 3301, the confidentiality provision specifically applicable to disclosure of veterans' records, apply to disclosure made to the Court by the Secretary.

II. Standing Order to Comply with 5 U.S.C. § 552a and 38 U.S.C. § 3301

The Privacy Act, 5 U.S.C. § 552a, applicable to agencies in general, and 38 U.S.C. § 3301, the confidentiality provision specifically applicable to all veterans' records, control disclosure by the Secretary to the Court (except where 38 U.S.C. § 4132 applies, which was not a subject addressed in the Motion and involves the disclosure of records concerning drugs, alcohol, human immunodeficiency virus, or sickle cell ane-

mia). Section 552a(b) prohibits "agency" disclosure of "any record which is contained in a system of records" except "pursuant to ... written request ... or with the prior written consent of [the veteran]" unless otherwise provided. Without doubt, the Department is an "agency" for purposes of the Privacy Act, *see* 5 U.S.C. § 552a(a)(1); 5 U.S.C. § 552(f) (formerly designated Section 552(e)), and appeal records prior to their transmission from the Department to the Court are contained in "a system of records". *See id.* § 552a(a)(5); Privacy Act Issuance, 1987 Comp., Volume V. pp. 774–75, 795–96, 808–12; 52 Fed.Reg. 4078 (Feb. 9, 1987); Secretary's Memorandum at 6. Section 3301 makes all materials in a veteran's claims file "confidential and privileged" prohibiting "disclosure ... except as provided." Although several § 3301 exceptions standing alone might permit transmission of records from the Secretary to the Court, these sections must be read in conjunction with the Privacy Act, which itself contains its own exceptions. Section 3301(j), as it applies to disclosures to the Court, states that "any [such] disclosure ... shall be made in accordance with the provisions of § 552a [Privacy Act]...." Furthermore, the case law supports the notion that where "either law [could] apply", the "provisions more protective of ... confidentiality" are the ones that govern. *Doe v. DiGenova,* 779 F.2d 74, 79 (D.C.Cir.1985) (quoting S.Rep. No. 892, 94th Cong., 2d Sess. 11, *reprinted in* 1976 U.S.Code Cong. & Admin.News 1299, 1308); *see Doe v. Stephens,* 851 F.2d 1457, 1460–61 (D.C.Cir. 1988); *Heights Community Congress v. Veterans Admin.,* 732 F.2d 526, 531 (6th Cir.), *cert. denied,* 469 U.S. 1034, 105 S.Ct. 506, 83 L.Ed.2d 398 (1984). *But cf. Fitch v. Veterans Admin.,* 597 F.2d 1152, 1154–55 (8th Cir.1979) (analyzing Section 3301 exceptions without reference to Privacy Act).

Section 3301(b)(2) provides an exception to nondisclosure "[w]hen required by process of a United States court to be produced in any ... proceeding therein pending." While the Privacy Act also provides an exception based on judicial action, it permits only those disclosures made "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).

Arguably, a requirement of a court "order" is narrower, and therefore more protective of confidentiality, than is a requirement of mere judicial "process," and the District of Columbia Circuit has so held. *DiGenova,* 779 F.2d at 83–84 (basing holding on analysis of similar language in Fair Credit Reporting Act and similar statutes, and on purposes of Privacy Act); *see Stephens,* 851 F.2d at 1462.

Other courts have at least implicitly agreed, holding that a grand jury subpoena signed by the clerk of the court—which presumably would qualify as judicial "process," *see Brown v. United States,* 359 U.S. 41, 49, 79 S.Ct. 539, 545, 3 L.Ed.2d 609 (1959), *overruled on other grounds, Harris v. United States,* 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965)—is not an "order of a court." *See In re Subpoena Duces Tecum to Testify Before the Grand Jury Directed to the Custodian of Records of TRW with Regard to Gren,* 633 F.2d 825, 827 (9th Cir.1980) (holding grand jury subpoena not "order of court" for purposes of Fair Credit Reporting Act) (*In re Gren*).

■ Because a requirement for an "order of a court" is more protective of confidentiality than is a requirement of judicial "process", we conclude that the court "order" requirement of the Privacy Act displaces the "process" requirement of Section 3301. *See DiGenova,* 779 F.2d at 79, 85.

As one court has noted, "[t]here is nothing in the legislative history of the Privacy Act ... to suggest what Congress intended by the term ['order of a court']". *Bruce v. United States,* 621 F.2d 914, 916 (8th Cir. 1980). Furthermore, as noted above, considerable litigation has taken place over the meaning of the term in the context of 5 U.S.C. § 552a(b)(11), and similar statutory provisions—principally over the issue of whether a grand jury subpoena is such an "order". Those courts that have held that a grand jury subpoena is not a court order have supported their holdings on various

grounds. *See DiGenova,* 779 F.2d at 80, 84; *In re Gren,* 633 F.2d at 828; *In re Application to Quash Grand Jury Subpoena,* 526 F.Supp. 1253, 1255 (D.Md.1981); *In re Grand Jury Subpoena Duces Tecum Concerning Credit Bureau, Inc.,* 498 F.Supp. 1174, 1176 (N.D.Ga.1980); *In re Application of Credit Information Corp. to Quash a Grand Jury Subpoena for the Prod. of Credit Records,* 457 F.Supp. 969, 972 (S.D.N.Y.1978); *Stiles v. Atlanta Gas Light Co.,* 453 F.Supp. 798, 800 (N.D.Ga. 1978).

Under the terms of its *per curiam* order issued February 16, 1990, this Court established that its deliberations concerning any possible standing order to the Secretary to transmit records on appeal would be with the benefit of memoranda and oral argument. *See In re: A Motion for a Standing Order,* U.S.Vet.App. No. 90–85 (order appointing amicus curiae, Feb. 16, 1990). Based on the existence of such memoranda and oral argument and our consideration of them, we believe there would be significant differences between a standing order issued by the Court and a grand jury subpoena.

Unlike a subpoena, a standing order issued by the Court would not be issued *pro forma.* It would be more protective of privacy interests than a grand jury subpoena. It would receive upper-level evaluation. It would constitute a specific directive to the Secretary. And while it would not be a specific adjudication in each separate case, it would be a specific judicial determination for a specific type of situation wherein: the disclosing agency would be the same; the nature of the disclosed records would be the same; the manner of disclosure would be the same; the necessity to disposition would be the same; and the initiation of every proceeding by a veteran (or those deriving benefits from the status of a veteran) would be the same. Finally, every appellant or petitioner would have the opportunity to request the Court to grant specific privacy-protective measures. *See* 38 U.S.C.A. § 4068(b)(1); *Id.* § 4069(a); COVA R. 11(c)(2) (Interim).

■ We conclude that a standing order issued by the Court would be an "order of a court" under 5 U.S.C. § 552a(b)(11).

■ Even if a standing order issued by the Court would be an "order of a court," it must also be the order of a "court of competent jurisdiction". 5 U.S.C. § 552a(b)(11). A court of competent jurisdiction is a court "having power and authority of law at the time of acting to do the particular act." *Ex parte Davis,* 66 Okla.Crim. 271, 91 P.2d 799, 807 (Crim.App. 1939); *see DCA Food Indus. v. Hawthorn Mellody, Inc.,* 470 F.Supp. 574, 582 (S.D.N.Y.1979); *Albright v. Nelson,* 87 F.Supp. 737, 740 (D.Minn.1949); *Lubbock Oil Ref. Co. v. Bourn,* 96 S.W.2d 569, 571 (Tex.Civ.App.1936).

■ Congress created the Court by statutory provision declaring that the Court was "established, under Article I of the Constitution of the United States", as "a court of record". 38 U.S.C.A. § 4051. The Court was given "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals", *id.* § 4052(a), with the "power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." *Id.* Such review is to be "on the record of proceedings before the [Secretary] and the Board", *id.* § 4052(b), and the Court, which may not review the Secretary's schedule of ratings for disabilities, is to limit its review of the Board's decision to the scope of review dictated by § 4061. 38 U.S.C.A. § 4052(b). Finally, although "all decisions of the Court ... and all [records] ... shall be public ... open to ... inspection", *id.* § 4068(a), "[t]he Court may make any provision which is necessary to prevent the disclosure of confidential information including a provision that any such ... information be placed under seal to be opened only as directed by the Court." *Id.* § 4068(b). It follows from the Congressional grant of jurisdiction that the Court has jurisdiction to do that which is necessary in order for it to review a decision of the Board on the record of the proceedings before that Board. Such a review cannot be accomplished if the Secretary cannot or will not designate and transmit the relevant portions of that record.

The grant of jurisdiction to the Court therefore must include jurisdiction to order the Secretary to designate and transmit records required for case disposition. *Cf. Erspamer v. Derwinski*, 1 Vet.App. 3, 7–8 (1990) (rejecting contention that the Court lacked All Writs Act jurisdiction). It is immaterial whether one finds this jurisdiction to have been granted explicitly in the language of § 4061(a), which provides that the Court may "decide all relevant questions of law [and] interpret constitutional, statutory, and regulatory provisions", 38 U.S.C.A. § 4061(a) (West Supp.1990), or whether it is seen as implicit in the basic jurisdictional grant of power to review the decisions of the Board, for in either case the Court cannot perform that core function for which it was established unless it is viewed as possessing such jurisdiction.

We conclude that the Court is a "court of competent jurisdiction" under 5 U.S.C. § 552a(b)(11).

■ Upon consideration of the Motion, after the benefits of memoranda and oral argument, and having concluded that 5 U.S.C. § 552a and 38 U.S.C. § 3301 apply to the transmission of veterans' records by the Secretary to the Court, and that a standing order issued by the Court would be an "order of a court of competent jurisdiction" under 5 U.S.C. § 552a(b)(11), we believe that the Motion should be granted.

The Motion does not address the disclosure of records concerning drugs, alcohol, human immunodeficiency virus, or sickle cell anemia which are given special protection under 38 U.S.C. § 4132. Although this subject was thoroughly addressed in both the Memorandum of Amicus Curiae and oral argument, the Court believes that no immediate action need be taken by the Court. Future action, however, may be taken as required.

## CONCLUSION

In consideration of the foregoing, the Court now issues the following order.

## ORDER

PER CURIAM.

In consideration of the foregoing opinion, it is hereby ORDERED that:

1. The Motion of the Secretary is granted.

2. The Secretary of Veterans Affairs shall, in all future proceedings before the Court, transmit without further order of the Court, unless otherwise ordered, all records and other materials that are not subject to the protection of 38 U.S.C. § 4132 and which are required to be transmitted pursuant to COVA R. 3(d), 10 and 11 (Interim) or which are required in a COVA R. 21 (Interim) proceeding or for resolution of an issue involving the jurisdiction of the Court.

## SPECIAL APPRECIATION

The Court is indebted to Mr. Daniel A. Rezneck of the law firm of Arnold and Porter, amicus curiae, and Mr. David Frohlich, also of Arnold and Porter, of counsel, who prepared the Memorandum of Amicus Curiae and presented oral argument. Their superb analysis of the issues involved is of tremendous value to the Court and deeply appreciated. The Court also expresses its thanks to counsel for the Secretary and to the Disabled American Veterans, American Veterans Committee, State of New Jersey and Commonwealth of Virginia for their significant contributions.