**Mary E. STAM, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–455.**

United States Court of Veterans Appeals.

Submitted March 12, 1991.

Decided June 20, 1991.

318

Andrew H. Marshall (non-attorney representative), was on the pleadings, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Craig M. Kabatchnick have previously entered appearances, Washington, D.C., for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

FARLEY, Associate Judge:

Appellant seeks to seal the record of the appeal in this Court. Because appellant has offered only an unsupported conjecture in support of her motion to seal the record, we hold that she has failed to carry her burden of articulating a cognizable privacy interest of sufficient significance to overcome the presumption of public access to judicial records. Accordingly, appellant's motion to seal the record is denied.

I.

Appellant filed a motion to seal the record on November 13, 1990. On December 14, 1990, the Court ordered that the record be temporarily sealed pending the determination of the motion. A prehearing conference was conducted on January 25, 1991. On January 28, 1991, appellant was ordered to file a memorandum in support of the motion. On February 25, 1991, appellant filed a response to the Court's order. Appellant's sole argument is that the records should be sealed because if the public is given access to them, appellant may be discriminated against due to her medical condition. Response at 2.

II.

■ It is important for persons coming before this Court to recognize that the legal obligations placed upon federal agencies, such as the Department of Veterans Affairs (VA), and federal courts, such as this Court, with respect to the handling and disclosure of records are different. Records maintained by VA are confidential and VA is generally prohibited by statute from making public disclosures of their contents. See 38 U.S.C. § 3301 (1988) (which provides that all records pertaining to claims filed with VA are "confidential and privileged" and conditions and limits their disclosure by VA); 38 U.S.C. § 4132 (1988) (which provides that veterans' records relating to "drug abuse, alcoholism or alcohol abuse, infection with the human immunodeficiency virus, or sickle cell anemia" are confidential and conditions and limits their disclosure by VA); Privacy Act of 1974, 5 U.S.C. § 552a (1988) (which con-

ditions and places limitations on the ability of government agencies to disclose records of individuals); *see generally In re: A Motion for a Standing Order*, U.S.Vet. App. No. 90–85 (July 2, 1990). Thus, a claimant filing a claim with VA has the expectation that the records will be kept confidential.

■ There is, however, an entirely different set of considerations with respect to the confidentiality of records filed with this Court because of the presumption that the public is entitled to access to judicial records. This presumption is codified in the Veterans' Judicial Review Act (VJRA) which created this Court: "[A]ll decisions of the Court of Veterans Appeals and all briefs, motions, [and] documents ... received by the Court ... shall be public records open to the inspection of the public." VJRA § 301(a), 38 U.S.C. § 4068(a) (1988). This Court was specifically established as "a court of record", 38 U.S.C. § 4051 (1988), and the Court was directed to "provide for the publication of decisions of the Court in such form and manner as may be best adapted for public information and use." 38 U.S.C. § 4069(a) (1988).

This statutory mandate for public judicial records is consistent with both the common law and the first amendment of the United States Constitution. *See Stone v. University of Maryland Medical Sys. Corp.*, 855 F.2d 178, 180 (4th Cir.1988). Historically, judicial records and documents have been open to inspection by the public. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99, 98 S.Ct. 1306, 1311–13, 55 L.Ed.2d 570 (1978); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178 (6th Cir.1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066–71 (3d Cir.1984); *In re Continental Illinois Sec. Litig.*, 732 F.2d 1302, 1308–09 (7th Cir.1984); *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 342–43 (3d Cir.1986); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988); *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir.1988); *Stone*, 855 F.2d at 180.

"Public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Littlejohn*, 851 F.2d at 682.

### III.

■ The right to inspect and copy judicial records, however, is not absolute. The Supreme Court in *Nixon* stated that

[e]very court has supervisory power over its own records and files, and access has been denied where court files might have been a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" through the publication of "the painful and sometimes disgusting details of a divorce case." Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption or as sources of business information that might harm a litigant's competitive standing.

*Nixon*, 435 U.S. at 598, 98 S.Ct. at 1312 (citations omitted). The Supreme Court was unable to articulate "a comprehensive definition" of the common law right of access, but noted that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599, 98 S.Ct. at 1312–13 (footnote omitted).

Under the common law, "[t]he party seeking to overcome the presumption [of public access to judicial records] bears the burden of showing some significant interest that outweighs the presumption." *Rushford*, 846 F.2d at 253 (citing *Bank of Am. Nat'l Trust and Sav. Ass'n*, 800 F.2d at 344). Thus, in dealing with the issue of confidential information and determinations as to whether or not to seal a court record, the burden falls on the party seeking to overcome the presumption of public access and not the court. In seeking to

seal a court record, the moving party must demonstrate a cognizable privacy interest, which has been described by the courts as being based upon articulable facts rather than on unsupported hypothesis or conjecture. *See, e.g., Valley Broadcasting Co. v. United States Dist. Court*, 798 F.2d 1289, 1293 (9th Cir.1986). In discussing privacy interests, the Supreme Court has noted "that the interests in privacy fade when the information involved already appears on the public record." *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 494–95, 95 S.Ct. 1029, 1045–46, 43 L.Ed.2d 328 (1975).

The VJRA provided authority for this Court to "make any provision which is necessary to prevent the disclosure of *confidential* information, including a provision that any such document or information be placed under seal to be opened only as directed by the Court." VJRA § 301(a), 38 U.S.C. § 4068(b)(1) (1988) (emphasis added). In order to implement 38 U.S.C. § 4068(b)(1), the Court adopted Rule 11(c)(2) of the Court's Rules of Practice and Procedure which provides: "Confidential Information. On its own initiative or on motion of a party, the Court may take appropriate action to prevent disclosure of confidential information. See also Rule 48." U.S.Vet.App.R. 11(c)(2) (Rule 48 deals with certain protected records identified under 38 U.S.C. § 4132 and is not applicable here).

In handling a motion to seal under Rule 11(c)(2) and 38 U.S.C. § 4068(b)(1), this Court's role is analogous to that of a United States District Court in sealing the record under Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c) provides that upon a showing of good cause a court may fashion a protective order including one that requires "that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court" in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). "[T]he party seeking a protective order clearly bears the burden of proving its necessity." *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C.1987). "To show

good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on merely conclusory statements." *Id.* (citations and footnote omitted). A "trial court has broad discretion in determining whether a movant has shown good cause...." *Id.* at 255.

### IV.

 In this case, the sole basis provided in support of the motion to seal the record is appellant's unsupported conjecture that if the public is given access to the records of this appeal she may be discriminated against due to her medical condition. We hold that appellant has failed to carry her burden of articulating a cognizable privacy interest of sufficient significance to overcome the presumption of public access to judicial records. *See* 38 U.S.C. § 4068(a); U.S.Vet.App.R. 11(c)(2); *Rushford*, 846 F.2d at 253; *Valley Broadcasting Co.*, 798 F.2d at 1293. Accordingly, appellant's motion to seal the record is denied.

*It is so ordered.*