**John Joseph MACK, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–1930.

United States Court of Veterans Appeals.

Feb. 21, 1992.

Before KRAMER, Associate Judge.

### ORDER

On December 16, 1991, the Court denied appellant's motion to seal. In response, appellant filed a pleading on December 24, 1991, averring entitlement to sealing based on his history of emotional and mental illness and moving for review by both the Court and the United States Court of Appeals for the Federal Circuit. On February

7, 1992, appellant filed his counter-designation of the record and motions again seeking a sealing of the record on the same ground and contesting transmittal of confidential documents by the Secretary of Veterans Affairs (Secretary) to the Court.

■ Under *Stam v. Derwinski*, 1 Vet. App. 317 (1991), a history of emotional and mental illness does not, itself, constitute good cause demonstrating a cognizable privacy interest sufficient to overcome the presumption of public access. Therefore, the Court continues its order of December 16, 1991, denying sealing of the record.

■ The Court further denies any relief based on the alleged improper transmittal of documents. In *In re A Motion for a Standing Order*, 1 Vet.App. 555, 560 (1990), the Court, pursuant to 5 U.S.C. § 552a(b)(11) ordered the Secretary, in all future proceedings, "[to] transmit without further order of the Court, unless otherwise ordered, all records and other materials that are not subject to the protection of [38 U.S.C. § 7332 (formerly § 4132)] [which is not applicable to appellant's case] and which are required to be transmitted pursuant to [U.S.Vet.App.R. 3(b), 10 and 11 (formerly COVA R. 3(d), 10 and 11 (interim))] or which are required in a [U.S.Vet. App.R. 21 (formerly COVA R. 21 (interim))] proceeding or for resolution of an issue involving the jurisdiction of the Court." Therefore, until such time as the Court may grant an order to seal, the only redress that appellant has with respect to his disagreement with transmittal of the documents is to request dismissal of his appeal pursuant to U.S. Vet.App.R. 42.

■ Because appellant's motion for review of the Court's order of December 16, 1991, involves an interlocutory matter and is not predicated upon a decision of the Court, appellant has no right to review by a panel pursuant to U.S.Vet.App.R. 35. *Cf. Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988).

Because appellant's motion for review in the United States Court of Appeals for the Federal Circuit involves an interlocutory matter that the Court will not certify in light of its decision in *Stam*, appellant has no present right to review, on the issue of sealing, by the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7292 (formerly § 4092).

Upon consideration of the foregoing, it is

ORDERED that appellant's motions to seal are denied. It is further

ORDERED that appellant's motion to stop transmittal of documents from the Secretary to the Court is denied. It is further

ORDERED that appellant's motion for review by the Court is denied. It is further

ORDERED that appellant's motion for review by the United States Court of Appeals for the Federal Circuit is denied.

Appellant is always free to seek relief from the United States Court of Appeals for the Federal Circuit pursuant to the All Writs Act. 28 U.S.C. § 1651(a).