976 F.2d 746
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re John Joseph MACK, Petitioner.
 Misc. No. 336.
 United States Court of Appeals, Federal Circuit.
 June 12, 1992.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 RADER, Circuit Judge.
 
 ORDER
 
 1
 John Joseph Mack petitions for a writ of mandamus to direct the Court of Veterans Appeals to seal the record in his case and to assign him a pseudonym. The Secretary of Veterans Affairs opposes. Mack moves to seal the record here pending resolution of his petition for writ of mandamus.
 
 
 2
 Mack has a history of emotional and mental illness and portions of the record on appeal before the Court of Veterans Appeals contain documents relating thereto. Mack moved to seal the record and to be assigned a pseudonym at the Court of Veterans Appeals based on his desire not to give "every member of the general public the right to contact ... the court, and receive information about the appellant." On December 16, 1991, the Court denied the motion without prejudice to renewal with the showing required by Stam v. Derwinski, 1 Vet.App. 317 (1991) (appellant must overcome the presumption of public access and demonstrate a cognizable privacy interest which is based upon articulable facts rather than on unsupported hypothesis or conjecture).
 
 
 3
 On February 21, 1992, the Court of Veterans Appeals denied Mack's renewed motion to seal relying on Stam that a history of emotional illness does not by itself constitute good cause demonstrating a cognizable privacy interest sufficient to overcome the presumption of public access. The Court also denied relief based on the ground that the Department of Veterans Affairs (VA) had improperly transmitted documents. The Court relied on its order in In re: A Motion for a Standing Order, 1 Vet.App. 555 (1990) ordering the Secretary to transmit relevant documents in all cases unless ordered to not do so. The Court of Veterans Appeals finally informed Mack that his redress, in view of the court's denial of his motion to seal, was voluntary dismissal or a petition for writ of mandamus to this court.
 
 
 4
 Mack argues here that the VA regulations governing procedures in the VA for the protection and collection of sensitive medical records mandate that the Court of Veterans Appeals seal the record in his case. He also argues that, if possible, this court should overrule Stam.
 
 
 5
 Mandamus is an extraordinary remedy to be reserved for extraordinary situations. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). The party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable. Id. In cases where a matter is left to the discretion of the court being reviewed, mandamus will "rarely, if ever" be justified because a litigant's right to a particular result is not clear and indisputable. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).
 
 
 6
 Rulings on motions to seal are discretionary.* Moreover, the Court of Veterans Appeals has been explicitly directed by statute to keep most records open to inspection by the public. Pursuant to 38 U.S.C. § 7268:
 
 
 7
 (a) Except as provided in subsection (b) of this section, all decisions of the Court of Veterans Appeals and all briefs, motions, documents, and exhibits received by the Court (including a transcript of the stenographic report of the hearings) shall be public records open to the inspection of the public.
 
 
 8
 (b) The Court may make any provision which is necessary to prevent the disclosure of confidential information, including a provision that any such document or information be placed under seal to be opened only as directed by the Court.
 
 
 9
 The Court of Veterans Appeals in Stam balanced the competing privacy interests with the presumption of public access and set forth an appellant's burden of overcoming the presumption of access. In Stam, like the case here, the appellant argued that if the public were given access, appellant might be discriminated against in the future. The Stam Court, as here, held that that argument was insufficient to overcome the presumption of public access. In view of the Court of Veterans Appeals' clear ruling in an exercise of its discretion, Mack has not shown that his right to a writ is clear and indisputable.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) Mack's petition for writ of mandamus is denied.
 
 
 12
 (2) Mack's motion to seal the record here is denied.
 
 
 
 *
 See e.g., Doe v. Frank, 951 F.2d 320, 323 (11th Cir.1992)