# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-1936

YI, Petitioner,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Respondent.

Before FARLEY, HOLDAWAY, and GREENE, *Judges.*

## O R D E R

On September 25, 2000, the pro se petitioner filed correspondence with the Court that the Court construes as a petition for extraordinary relief pursuant to Rule 21 of the Court's Rules of Practice and Procedure (Rules). The petition asserts that in April 1997 the Department of Veterans Affairs (VA) Office of General Counsel (GC) determined that the petitioner's VA medical records would be amended to delete all references to a certain matter. The petitioner alleges that a local VA Medical Center has not complied with the GC's directive and seeks the Court's authority to compel VA's compliance with that directive. On October 12, 2000, under Rules 11(c)(2) and 48, the petitioner's record was sealed.

In an order dated October 25, 2000, the Court ordered the Secretary to file a response to the construed petition that addressed, inter alia, whether the Court's authority under the All Writs Act (AWA), 28 U.S.C. § 1651(a), extends to the circumstances of this petition and, if not, what, if any, alternative means are available to the petitioner to obtain the relief he seeks. The Secretary's response, citing *In the Matter of the Fee Agreement of Cox (Fee Agreement of Cox)*, 10 Vet.App. 361, 371 (1997), *vacated on other grounds*, 149 F.3d 1360 (Fed Cir. 1998), and *In the Matter of the Fee Agreement of Wick (Fee Agreement of Wick)*, 40 F.3d 367, 373 (Fed. Cir. 1994), asserts that because Court intervention in the current dispute would not lead to a decision by the Board of Veterans' Appeals (Board), the Court lacks jurisdiction under the AWA to act on this petition. Alternatively, based upon a supporting affidavit attached as an appendix, the Secretary asserts that the matter is moot because VA has already redacted the information in the petitioner's medical records relating to the matter. On February 20, 2001, the petitioner filed a reply (and, subsequently, numerous addenda) essentially disputing the Secretary's assertion that the matter has been resolved and is now moot.

On June 28, 2001, these proceedings were stayed to permit possible arrangements for representation of the petitioner. On July 26, 2001, the petitioner requested a stay of proceedings until August 27, 2001, which the Court granted. On July 31, 2001, Morgain M. Sprague, Esq., entered an appearance for the appellant. On August 3, 2001, this case was submitted to a panel for

consideration. On August 9, 2001, the Court granted the petitioner's motion for "the Court to refrain from issuing judgment to provide counsel 30 days in which to present a clear legal analysis of the petitioner's position."

On September 20, 2001, petitioner's counsel filed a motion to withdraw as the representative of record for the petitioner because the petitioner had terminated her representation on that day. On September 21, 2001, the petitioner filed a motion to terminate counsel, to stay proceedings until the Court could rule on the petitioner's motions, to unseal the record, and to transfer his petition to his pending case (Docket Number 99-1950). On September 27, 2001, judgment was entered on Docket Number 99-1950. On September 28, 2001, the petitioner filed a motion for selection of a three-judge panel for consideration and disposition of his case. On October 5, 2001, the Court granted counsel's motion to withdraw.

Under the AWA, "all courts established by act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction." The Court's jurisdiction to issue a writ of mandamus pursuant to the AWA relies upon not *actual* jurisdiction but *potential* jurisdiction. *See Hudson v. West*, 13 Vet.App. 470, 471-72 (2000) (citing *Heath v. West*, 11 Vet.App. 400, 402 (1998)). As this Court held in *Fee Agreement of Cox*:

> In other words, the Court's jurisdiction to issue the order sought by the petitioner depends upon whether the Court would have jurisdiction to review the final Board decision that would issue pursuant to that order. As the Supreme Court has held:
>
> > As the jurisdiction of the circuit court of appeals is exclusively appellate, its authority to issue writs of mandamus is restricted by statute to those cases in which the writ is in aid of that jurisdiction. Its authority is not confined to the issuance of writs in aid of jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected.
>
> *Roche v. Evaporated Milk Ass'n*, 319 U.S. 938, 941 (1943); *see also McClellan v. Carland*, 217 U.S. 268, 280 (1910) ("we think it the true rule that where a case is within the appellate jurisdiction of the higher court, a writ of mandamus may issue in aid of the appellate jurisdiction which might otherwise be defeated by the unauthorized action of the court below") (citing *Knickerbocker Ins. Co. v. Comstock*, 83 U.S. (16 Wall.) 258, 270 (1872)).

10 Vet.App. at 370-71; *see also Hudson*, 13 Vet.App. at 471-72.

Under 38 U.S.C. § 7252, this Court has exclusive jurisdiction to review decisions of the Board. Here, the petitioner's complaint is with actions by VA's GC surrounding an agreement apparently not related to any pending claim or Board decision thereon. Thus, any action by the Court

2

would not be in aid of its "prospective jurisdiction." *See Fee Agreement of Cox, supra; Erspamer v. Derwinski*, 1 Vet.App. 3, 9 (1990). Assuming that VA GC has not mooted this matter by already redacting the pertinent information from the petitioner's VA medical records in accordance with the agreement, any denial by the GC to do so is not a decision by the Board. The Court lacks appellate jurisdiction over any issue that cannot be the subject of a Board decision. Because the relief sought by the petitioner is not available under 38 U.S.C. § 511(a), the Court lacks jurisdiction over the petition in this case. *See Fee Agreement of Wick*, 40 F.3d at 370, 373 (Mr. Wick did not establish that, "without the extraordinary writ, the court will be prevented or frustrated from exercising its statutorily granted jurisdiction over a Board decision").

Regarding the petitioner's motion to unseal his record, there is a presumption that the public is entitled to access to judicial records filed with this Court. *See Stam v. Derwinski*, 1 Vet.App. 317, 319 (1991); *see also* 38 U.S.C. § 7268(a) ("All decisions of the Court of Appeals for Veterans Claims and all briefs, motions, [and] documents . . . received by the Court . . . shall be public records open to the inspection of the public."). The burden of overcoming the presumption of public access is upon the party seeking to seal a court record. *See Stam*, 1 Vet.App. at 319-20. In his motion, the petitioner states that "it now seems to be in my best interests if the entire record before the Court becomes public knowledge." Petitioner's September 21, 2001, Motion at 7. Because the petitioner no longer wishes to have his record sealed and there is a presumption that favors public access, the Court will grant his motion.

On consideration of the foregoing, it is

ORDERED that the petitioner's motion to terminate his counsel is denied as moot. It is further

ORDERED that the petitioner's motion for a stay of proceedings until the Court can rule on his motions is denied as moot. It is further

ORDERED that the petitioner's motion to unseal his record is granted. The Clerk of the Court is directed to unseal the petitioner's record. It is further

ORDERED that the petitioner's motion to transfer the petition to a pending case is denied as moot. It is further

ORDERED that the petitioner's motion for selection of a three-judge panel for consideration and disposition of his case is denied as not contemplated by the Rules. It is further

ORDERED that the veteran's petition for extraordinary relief in the nature of mandamus is DISMISSED for lack of jurisdiction.

DATED:      November 6, 2001                              PER CURIAM.

3

rab/jlm