KRAMER, Chief Judge,
concurring:
I concur in the Court’s dismissal of the petitioner’s September 6, 2002, construed petition for extraordinary relief in the nature of a writ of mandamus. I write separately to note that, in addition to the matters referred to by the majority, I believe that the petition should be dismissed for lack of jurisdiction on the ground that the Court’s authority to issue a writ pursuant to the All Writs Act (AWA), 28 U.S.C. § 1651(a), does not extend to this matter. In this regard, I note that the AWA empowers the Court to issue “writs necessary or appropriate in aid of [its] ... jurisdiction ].” 28 U.S.C. § 1651(a). The Court has interpreted this to mean that, “if the Court’s granting of the ... petition would lead to a [Board of Veterans’ Appeals (BVA)] decision over which the Court would have jurisdiction, the Court would possess jurisdiction to issue a writ of mandamus ....” In re Fee Agreement of Cox, 10 Vet.App. 361, 371 (1997), vacated on other grounds sub nom. Cox v. West, 149 F.3d 1360 (Fed.Cir.1998) (affirming all holdings; vacating only for consideration of asserted facts occurring after issuance of this Court’s opinion); see Yi v. Principi, 15 Vet.App. 265, 267 (2001) (per curiam order) (holding that Court lacks jurisdiction over any issue that cannot actually or potentially be subject of BVA decision). Here, there is no indication that the petitioner has a pending claim related to this petition that would ever be the subject of a BVA decision; thus, the Court lacks jurisdiction over the petition in this case. See Yi, supra (concluding that, because relief sought by petitioner was unrelated to any pending claim or BVA decision, Court lacked jurisdiction over petition); Lane v. West, 11 Vet.App. 412, 413-14 (1998) (per curiam order); Cox, supra. Accordingly, the petition should be dismissed based on the Court’s lack of jurisdiction over this matter.