NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7179

OLIVER C. GEBHART,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee

_____

DECIDED:  November 14, 2005

_____

Before, MICHEL, Chief Judge, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

Oliver C. Gebhart ("Gebhart") appeals from the final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing, for lack of jurisdiction, Gebhart's petition for extraordinary relief in the nature of mandamus. Gebhart v. Nicholson, No. 05-1158 (Vet. App. June 24, 2005).  Because Gebhart has not shown that the Veterans Court erred in its conclusion, we affirm.

I

On May 6, 2005, the Veterans Court received correspondence from Gebhart. Although unclear, the correspondence appears to pertain to Gebhart's claim to the Veterans Administration ("VA") for cardiomyopathy, heart failure, and congestive heart disease resulting from the use of certain medications. Gebhart's correspondence requested that the Veterans Court order an "emergency en banc hearing" on the merits of his claim and issue an emergency order requiring the VA to stop prescribing central alpha-agonist medications with "absolute, inviolable, [and] strict adherence to accepted protocols."

The Veterans Court construed the correspondence as a petition for extraordinary relief in the nature of a writ of mandamus. The Veterans Court has authority to issue extraordinary writs under the All Writs Act (AWA), 28 U.S.C. § 1651(a), only in aid of its potential jurisdiction. See 28 U.S.C. § 1651(a) (2000); Gebhart, slip op. at 1. Finding that it lacked potential jurisdiction over the issue of whether the VA should "cease and desist" the use of central alpha-agonist medications, the Veterans Court dismissed Gebhart's petition for lack of jurisdiction. Id. slip op. at 2; see 38 C.F.R. § 20.101(b) (2005). Gebhart timely appealed to this court.

II

A

Pursuant to 38 U.S.C. § 7292(a), this court may review a determination of the Veterans Court with respect to a rule of law or the validity or interpretation of any statute or regulation relied upon by the Veterans Court in issuing a decision. 38 U.S.C. § 7292(a) (2000). In reviewing a Veterans Court decision, the court must decide "all

relevant questions of law, including interpreting constitutional and statutory provisions" and must set aside any regulation or interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that it finds to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." Id. § 7292(d)(1).

This court reviews an interpretation of a statute by the Veterans Court de novo. Jones v. Brown, 41 F.3d 634, 637 (Fed. Cir. 1994). However, § 7292(d)(2) specifically provides that, except to the extent that an appeal from a Veterans Court decision presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

B

Gebhart argues that the Veterans Court erred in dismissing his writ of mandamus for lack of jurisdiction. We disagree.

The Veterans Court "lacks appellate jurisdiction over any issue that cannot be the subject of a Board [of Veterans Appeals] decision." Yi v. Principi, 15 Vet. App. 265, 267 (2001). In this case, the Veterans Court lacked potential jurisdiction over the issue of whether the VA should cease its use of central alpha-agonist medication because that is a medical determination beyond the jurisdiction of the Board. The Board's jurisdiction over issues concerning whether certain drugs should be prescribed is expressly limited by 38 C.F.R. § 20.101(b). In particular, § 20.101(b) states:

The Board's appellate jurisdiction extends to questions of eligibility for hospitalization, outpatient treatment, . . . and for other benefits administered by the Veterans Health Administration. Medical determinations, such as determinations of the need for and appropriateness of specific types of medical care and treatment for an individual, are not adjudicative matters and are beyond the Board's jurisdiction. Typical examples of these issues are whether a particular drug should be prescribed, whether a specific type of physiotherapy should be ordered, and similar judgmental treatment decisions with which an attending physician may be faced.

38 C.F.R. § 20.101(b) (emphasis added).

Gebhart fails to identify any error in the Veterans Court's interpretation or application of § 20.101(b) in dismissing his petition to stop the use of central alpha-agonist medications. Gebhart does not address the decision of the Veterans Court or reference his petition. Instead, Gebhart raises unrelated allegations that Washington University's ("University") denial in transferring his course credits to fulfill the U.S. Army's continuing education requirements violated, inter alia, his "right to freedom in education", equal protection rights, and the Civil Rights Act of 1964. Based on these allegations, Gebhart argues that the Veterans Court erred in dismissing his petition because § 20.101(a)(11) grants the Veterans Court jurisdiction over issues pertaining to educational assistance for members of the selected reserve.

Gebhart appears to raise new issues to establish jurisdiction under a sub-section of 38 C.F.R. § 20.101 unrelated to Gebhart's petition and the basis of the Veterans Court's decision. We do not consider issues raised for the first time on appeal, particularly here, where the facts supporting the issues have not been found or addressed by the Veterans Court. See Mueller v. U.S. Postal Serv., 76 F.3d 1198, 1201-02 (Fed. Cir. 1996) ("Because we are limited to reviewing decisions of the Board based on the record before the deciding official, we decline to base our judgment on

evidence that was not part of the record . . . .").  In any event Gebhart offers no evidence to support his newly raised allegations.

Because Gebhart has failed to show that the Veterans Court erred in interpreting 38 C.F.R. § 20.101(b) in dismissing his petition to stop the use of certain medications, he has failed to establish that the court erred in determining that it lacked jurisdiction over his petition for a writ of mandamus.

III

We affirm the judgment of the Veterans Court.  Each side shall bear its own costs.