NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**OLIVER C. GEBHART**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7050

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-2476, Judge Alan G. Lance, Sr.

---

Decided: June 11, 2010

---

OLIVER C. GEBHART, of Oregon, Missouri, pro se.

ALEX P. HONTOS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were

DAVID J. BARRANS, Deputy Assistant General Counsel, and TRACEY P. WARREN, Attorney, United States Department of Veterans Affairs, Office of the General Counsel, Washington, DC.

_____

Before LOURIE, LINN, and DYK, *Circuit Judges.*

PER CURIAM.

Oliver Gebhart appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") dismissing for lack of jurisdiction his petition for the extraordinary relief of a writ of mandamus. *Gebhart v. Shinseki*, No. 09-2476 (Vet. App. Nov. 30, 2009). Because Gebhart has not shown the Veterans Court to have erred in its conclusion, we *affirm*.

BACKGROUND

Gebhart filed a petition for extraordinary relief in the form of a writ of mandamus at the Veterans Court in June 2009. The petition referred to the Board of Veterans' Appeals' ("the Board's") "fail[ure] to recognize the receipt of Dpt. Of Veterans Affairs payment voucher from the WACO/AUSTIN, TX, DVA Processing Center of the Financial Management Service of the Philadelphia Financial Center." Gebhart argued that "[i]njunctive relief can be used resolving and reconciling the unceasing use of a Remand Order."

In response to an order from the Veterans Court that he produce a copy of the contested Board decision, Gebhart filed a single page of a decision. That page appears to be a remand to the regional office on a claim for service connection for a heart disorder based on "the above development." There is no date on the excerpted

page; however, it does state that the "claim must be afforded expeditious treatment."

The Veterans Court first determined that Gebhart "fail[ed] to satisfy any of the criteria governing the grant of a writ of mandamus." The court then continued that, because it could not discern what relief Gebhart sought, it was "unable to discern whether issuance of the writ would aid in its prospective jurisdiction and, as a result, must hold that it is without jurisdiction to entertain the petition."

Gebhart timely appealed to this court. His initial brief was rejected for failure to comply with the court rules. A corrected brief was filed after the government had filed its response. A brief titled "Supplemental Merits Briefs [sic] pro se et en banc" attaching information relating to a criminal case against the manufacturers of certain defibrillators was considered to be Gebhart's reply brief. We have reviewed all of these documents. Our jurisdiction in appeals from the Veterans Court rests on 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. *See* 38 U.S.C. § 7292. Under section 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. *Id.* § 7292(d)(2).

We review legal determinations without deference. *See Bingham v. Nicholson*, 421 F.3d 1346, 1348 (Fed. Cir.

2005). A determination as to the jurisdiction of the Veterans Court is legal in nature. *See Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000). The denial of a petition for a writ of mandamus is reviewed for an abuse of discretion. *Lamb v. Principi*, 284 F.3d 1378, 1382 (Fed. Cir. 2002).

Gebhart does not state the basis for his appeal of the Veterans Court decision dismissing his petition for mandamus for lack of jurisdiction.[1] Rather, Gebhart appears to be challenging an underlying remand order issued by the Board to determine service connection. Gebhart also appears to challenge the assignment of two different docket numbers to his two previous appeals to the Veterans Court, "in effect double jeopardizing the Veteran." However, neither of these issues is properly before us, and we address them only insofar as they relate to the dismissal by the Veterans Court for a lack of jurisdiction.

The government argues that the Veterans Court correctly found that Gebhart failed to satisfy the criteria governing the grant of a writ of mandamus. Specifically, the government argues that Gebhart did not (1) show that he lacked adequate alternative means to attain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process; (2) demonstrate a clear and indisputable right to the writ; and (3) convince the

---

[1] Gebhart similarly did not address the decision of the Veterans Court in either of his two previous appeals of Veterans Court decisions dismissing and denying his two previous petitions for mandamus, respectively. *See Gebhart v. Peake*, No. 08-7037 (Fed. Cir. 2008) ("Gebhart does not address the decision of the Veterans Court denying his petition for mandamus."); *Gebhart v. Nicholson*, 154 Fed. App'x 207, 209 (Fed. Cir. 2005) ("Gebhart does not address the decision of the Veterans Court or reference his petition.").

court that the issuance of a writ is warranted, given the circumstance. *See*, *e.g.*, *Cheney v. U.S. Dist. Ct. D.C.*, 542 U.S. 367, 380-81 (2004). The government styles the decision of the Veterans Court as a denial of Gebhart's petition for mandamus, and argues that such denial was well within the discretion of the court. However, the decision appealed was a dismissal for lack of jurisdiction and that is the decision we now review.

We hold that the Veterans Court permissibly found that it lacked jurisdiction. The Veterans Court has authority to issue extraordinary writs under the All Writs Act in aid of its potential jurisdiction. *See* 28 U.S.C. § 1651(a). However, the court "lacks appellate jurisdiction over any issue that cannot be the subject of a Board [of Veterans Appeals] decision." *Gebhart v. Nicholson*, 154 Fed. App'x 207, 209 (Fed. Cir. 2005) (nonprecedential) (quoting *Yi v. Principi*, 15 Vet. App. 265, 267 (2001)). Here, the court was unable to determine the factual bases for jurisdiction because it was unclear what decision was being petitioned from and on what basis, despite a request for a copy of the decision. As a result, the court determined it was unable to conclude that any writ it might grant would be "in aid of its jurisdiction." We have received no argument that the court erred in this finding, nor is there anything in the record to the contrary.

Finally, we hasten to note for the benefit of this pro se veteran, that in view of the Board's remand for the regional office to determine possible service connection for a heart disorder, Gebhart presently fails to satisfy the criterion for mandamus that he lacks any other avenue of relief.

Accordingly, we *affirm* the decision of the Veterans Court dismissing Gebhart's petition for mandamus relief for lack of jurisdiction.

**AFFIRMED**